In the matter of S. ERWIN *against* SCHRIVER, Sheriff, &c.

In the matter of T. M'BURNEY *against* The Same.

THESE were cross motions for writs of *mandamus* to the defendant, as sheriff of the county of *Steuben.* There was a judgment in the Court of C. P. of *Steuben* county, in favour of *Thomas M'Kean,* against the heirs of *John Mulhollen* deceased, on a *scire facias* to revive a judgment, docketted in *February,* 1807. A *fi. fa.* was issued on the judgment rendered on *scire facias,* by which the defendant, on the 23d of *September,* 1820, sold, as an entirety, 254 acres of land, of which *J. M.* was seised at the time of his death, the whole of which was purchased by *T. M'Burney,* who paid his bid ; and a certificate of the sale was filed, according to the act of the 12th of *April,* 1820. (Sess. 43. ch. 184.) *S. Erwin* and *F. Erwin* had a judgment in the Court of C. P., of *S.,* against *William S. Mulhollen,* one of the right heirs of *John Mulhollen,* for 700 dollars, debt, on a bond conditioned to pay 350 dollars, docketted the 12th of *March,* 1819, and *F. E.* assigned to *S. E.,* all his interest in the judgment. Afterwards, on the 25th of *November* last, *S. E.* paid to the sheriff 300 dollars, being more than the amount bid by *M'Burney,* with ten per cent. interest, and the sheriff gave him a receipt. *S. E.* demanded a deed for all the lands so purchased by *M'Burney* ; and the defendant refused to execute a deed to him for more than *William S. Mulhollen's* share, as a tenant in common with the other heirs.

Lynch, in behalf of *S. Erwin,* moved for a *mandamus* directed to the defendant, commanding him to execute a deed to *S. E.* for the whole of the land sold by him, to *M'Burney,* as above stated.

A sheriff, under a *fi. fa.,* issued on a judgment against the *heirs of M.,* sold a parcel of land of which their ancestor was seised, at the time of his death, as an entirety ; and filed a certificate of the sale, &c. pursuant to the act in addition to the act concerning judgments and executions, passed the 12th of *April,* 1820. (Sess. 44. ch. 184. s. 1.) *E.,* having a judgment in his favour against *W.,* one of the heirs of *M.,* tendered and paid to the sheriff the amount for which the land was bid off to the purchaser, with ten per cent. interest, for the redemption of the land so sold, and demanded a deed for the whole, under the third section of the act: *Held,* that *E.,* as judgment creditor, could not be entitled to redeem more of the land sold than to the extent of his *lien,* or the share of his debtor *W.,* as a tenant in common ; but, it seems, that the act has not provided for a redemption of part of the premises sold under an execution, and, therefore, he had no legal right of redemption whatever.

*Henry*, contra.

SPENCER, Ch. J. delivered the opinion of the Court. We are decidedly of opinion, that *Erwin* has no right to a deed for all the lands thus purchased. His *lien* never extended to the whole, nor any further than to the individual right of the tenant in common, against whom he had a judgment. It never could have been the intention of the legislature to give to a creditor a right of redemption to any other lands, than such as were subject to the *lien* of the judgment creditor who offered to redeem. Beyond such lands, he has no pretence to step into the place of the purchaser. The right to redeem can be co-extensive only with the *lien*.

There are serious difficulties in allowing a redemption of part of the premises only. The purchaser has a right to object to receive part of the purchase money only, retaining part of the land. His interest is depreciated by making him a tenant in common; and he can urge, with great force, that he has a right to retain his purchase, unless some creditor, having a right to redeem the whole, shall refund to him his purchase money and interest. There is, also, a difficulty, as regards the sheriff: he has sold the land as an entirety, and he would be obliged to give two deeds, as upon distinct sales, when no such sales took place. The sheriff has not the means of ascertaining the extent of the interest of the tenant in common, whose lands have been sold a second time; nor does the Court possess the means of doing so. We think the case presented by *Erwin*, is one not provided for by the statute. If it is within the equity of the act, as to which we give no opinion, the Court of Chancery alone can afford redress.

Motion denied.