## HASKELL & WIFE v. MANLOVE.

A PARTY claiming title by virtue of statutory redemption, must show strict compliance with the statute.

To entitle a judgment creditor having a lien, to redeem, he must serve upon the officer a copy of the docket of the judgment. A copy of the judgment is not sufficient.

If a party claim a Sheriff's deed as having redeemed property, as successor in interest of the judgment debtor, his offer to redeem must have been made in that character.

A certificate of the Sheriff of the purchase of property as that of the defendant in execution, is not sufficient to entitle the holder to redeem as such successor, at least, not until the expiration of the six months.

APPEAL from the Sixth District.

*Mandamus* was denied, and plaintiffs appeal.

See opinion for facts.

*Cross & Marshall*, for Appellants.

The Wormsers did not make a valid redemption from the sale under Lynch's order of sale, because they failed to serve with their notice a copy of the docket of their judgment. A copy of the judgment is not sufficient. His right to redeem depended on his having a lien, and this depended on the docketing of the judgment. (Prac. Act, Secs. 204, 205, 234; *Waller* v. *Harris*, 20 Wend. 561; *Rollins* v. *Forbes & Wife*, 10 Cal. 299; *Rowe* v. *Table Mountain Water Co.* Id. 441; *People* v. *Beebe*, 1 Barb. 388.) The right to redeem is forfeited by failure to comply with the statute. (*Collier* v. *Sheriff of Broom*, 19 Wend. 87.)

On reargument, counsel took the following positions:

1. Under the redemption statute a purchaser has no title, but simply a lien, until the time for redemption expires, and he gets a deed. (*Knight* v. *Fair*, 9 Cal. 117; 1 Cow. 501; 7 Id. 540.)

The title being in Ormsby, the judgment debtor, he had, at any time, within the six months, a legal right to convey to other parties; and if he had conveyed, his grantees, and not the Worm-

sers, would have been his successors in interest. (*Vandyke v. Hermance*, 3 Cal. 295.)

The Lynch judgment for the balance due on it, either in his own name, or the name of his assignees, was a lien on the property as long as it remained in Ormsby, or his successor in interest. If Ormsby, or his successor in interest, had redeemed at any time within the six months, the lien would still exist, and the property would be liable for the balance due on the judgment. (*Wood* v. *Calvin*, 5 Hill, 228; *Titus* v. *Lewis*, 3 Barb. 70; *McMillan* v. *Richards*, 9 Cal. 365; Id. 117.)

2. A successor in interest is one who takes the place which another has left, and who sustains his character. The title being in Ormsby, he could convey at any time within six months. The Wormsers could not, because they had no title to convey. (7 Cow. 540; 20 Johns. 3; *Van Rensselaer* v. *Sheriff of Albany*, 1 Cow. 501; *Bissell* v. *Pryor*, 20 Johns. 3.)

*Wallace & Rayle*, also for Appellants, took the same positions, citing Practice Act, Sections 231, 234; and arguing, that the right to redeem is an absolute right; and that the Sheriff must allow it, when claimed in due form of law, and must equally reject it, when the statute is not strictly complied with.

*Hereford & Long*, for Respondent.

A redemption was effected; the Wormsers were both judgment creditors, and successors in interest of the judgment debtor, L. P. Ormsby, by virtue of their purchase at Sheriff's sale. The certificate of sale by the Sheriff to the Wormsers makes them the successors in interest of the judgment debtor, and as such, entitled to the same rights that the debtor possessed; and the debtor has the first right to redeem. And this does not take away the debtor's right to redeem from both judgments. If we are to be considered "redemptioners," then we have complied with the statute, for we served upon the Sheriff a certified copy of our whole judgment, which is as good evidence of our right to redeem, as a copy of the judgment docket.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This case was a petition for a *mandamus* to compel the de-

fendant, Sheriff of Sacramento County, to execute a deed for certain real estate. The facts are these: The female plaintiff, Rachel, before her marriage with the other plaintiff, D. H. Haskell, owned two lots in Sacramento City. In April, 1855, she sold the lots to one Ormsby, who executed to her and her husband a mortgage, to secure the payment of the price. Afterwards, the plaintiff being indebted to one Lynch, transferred the note and mortgage as collateral security. Lynch afterwards brought suit on this note and mortgage, on 29th April, 1858, and obtained judgment against Ormsby for five hundred eighty-one dollars and sixty-six cents, and forty-two dollars and sixty cents costs, and interest, at the rate of two per cent. per month, running on the principal sum—the decree also directing a sale of the mortgaged premises. On the 21st of May, 1858, the premises were sold by the Sheriff under this decree, and bought in by the plaintiff for one hundred dollars—certificate filed, and money paid—Lynch having been paid the money for which these papers were assigned as collateral security, assigned the judgment to the Attorneys of the plaintiff, who assigned to the plaintiff—a large amount of the money due on this judgment is owing still —more than six months have elapsed since the purchase—and on the 22d November, 1858, the expiration of the period of redemption, the plaintiff demanded of defendant a deed, etc.

The defendant set up for answer, that on the 10th day of May, 1853, I. & S. Wormser recovered a judgment in the District Court of the Sixth Judicial District, against Ormsby, for five hundred and seventy-three dollars and twenty-five cents, and costs; that there is still due on this judgment, six hundred and twenty-two dollars and thirty-nine cents; that the judgment is a lien on these lots; that on September 7th, 1858, he was notified by I. & S. Wormser that they claimed the right to redeem these lots from the sale of D. H. Haskell; and that, on the 7th of September, 1858, Wormsers tendered him the sum of one hundred and twenty-five dollars, and a certified copy of the judgment in favor of Wormsers, and the certificate of sale of the lots to them, and an affidavit of the amount due on the judgment, and demanded a certificate of redemption of the property; and on the same day Wormsers paid him the sum of one hundred and twenty-five dollars, for the purpose of redeeming the lots, and have since demanded a deed.

It seems from the finding, that this debt of Wormsers was secured by a mortgage of subsequent date to Mrs. Haskell; the judgment or decree of Wormsers is also of later date than the plaintiff's.

The view we have taken of this question renders it unnecessary to consider any other point than that involving the question of the regularity of the proceedings for the redemption by the Wormsers of these lots from Mrs. Haskell. The right of redemption by a creditor is a pure creature of statute. The rule in such cases is, that the party claiming title in this mode must show a strict compliance with the laws which give it. (*Waller* v. *Harris*, 20 Wend. 561.) It has been seen, that the Wormsers only claim to redeem as creditors. The statute, (Practice Act, Section 234,) provides: "A redemptioner shall produce to the officer or person from whom he seeks to redeem, and serve with his notice to the Sheriff: 1. A copy of the docket of the judgment under which he claims the right to redeem, certified by the Clerk of the Court, or of the county where the judgment is docketed; or, if he redeem upon a mortgage or other lien, a note of the record thereof, certified by the Recorder. 2. An affidavit by himself or his agent, showing the amount actually due on the lien."

The act provides for two classes of redemptioners—the judgment debtor, or his successor in interest; and, second, a creditor having a lien by judgment or mortgage.

By Section 204 of the Practice Act, it is provided, that "immediately after the filing of the judgment roll, the Clerk shall make the proper entries of the judgment, under appropriate heads, in the docket kept by him; and from the time the judgment is docketed, it shall become a lien upon all the real property of the judgment debtor not exempt from execution, in the county, owned by him at the time, or which he may afterward acquire, until the said lien expires."

It thus appears, that the party here, to be entitled to redeem, must be a creditor *having a lien*, and that the lien attaches by and from the docketing of the judgment. The Wormsers must not only have been actually entitled to make the tender, but they must have exhibited to the Sheriff the statutory proof of their title, before their tender could be of any avail. In truth,

the title to redeem does not arise from the existence of the facts mentioned in the statute, but it is a statutory right given only in the event of a tender and production of *certain statutory proofs.* The Wormsers, then, not having produced a copy of the docket of the judgment, were not so entitled. A copy of the judgment was not enough. They were bound to prove themselves subsequent creditors having a lien, and the judgment does not show this. The New York statute is similar to ours. In the case before cited, Mr. Justice Bronson states the law with his usual clearness and felicity of expression. He says: "The Appellant must therefore rest his case, as he does in the bill, on the ground—not that he is a judgment creditor merely—but that, being a judgment creditor, he redeemed from the sale under the Barker judgment, and thus acquired the title or equity of redemption of Mason, the mortgagor or judgment debtor.

This brings us to the real question in the cause: Was there a valid redemption from the sale under the Barker judgment? The Appellant delivered to the Sheriff an execution which had been issued on his judgment, but did not present a copy of the docket. The statute declares, that, to entitle a creditor to redeem, he shall present to, and leave with, the officer who made the sale, *a copy of the docket of the judgment* under which he claims, duly certified, etc. (2 R. S. 373, Sec. 60.) The language is too plain and explicit to admit of two interpretations. The provision is not that the creditor *may,* but that he *shall,* present a copy of the docket. It is not in the alternative, allowing a copy of the docket, *or some other satisfactory evidence.* It is not a mere *direction* to the officer, but *a qualification of the right of the creditors.* He must not only have a judgment, but *to entitle* him to redeem, he must present the specified evidence. There is no room for construction; and I do not see how we can hold this a valid redemption, without repealing the statute."

The date of the mortgage of the Wormsers is stated to be on the 6th of June, 1856—before the decree in Lynch's suit. If this be so, the question might arise, as the Wormsers do not seem to have been made parties to Lynch's bill, what effect the judgment and decree of Lynch would have upon the title or interest of Wormsers? But this inquiry goes rather to the value and effect of the deed of the Sheriff to Mrs. Haskell, than to her right to it.

The judgment is reversed, with directions for a judgment in pursuance of this opinion.

On rehearing, the following opinion was delivered by BALD-WIN, J.—FIELD, C. J. and COPE, J. concurring:

We think that the former judgment of this Court should stand. The Wormsers now claim as successors in interest of the execution debtor; but it seems, from the record, that this offer to redeem was not made in that character, nor could it have been, for the certificate of the Sheriff of a purchase at a sale of the property, as that of the defendant in execution, is not sufficient to entitle the holder to redeem as such successor—at least, till the expiration of the six months.

The former judgment of this Court was correct, and it is ordered to be entered.