[No. 6,298.—In Bank.]

## ELDRIDGE v. WRIGHT.

REDEMPTION — TENANTS IN COMMON. — Where land sold under judgment is embraced in one sale, a redemptioner, having a lien upon a share or part of the land sold, can only redeem by paying the whole of the purchase-money and redeeming the whole of the land; and in such case, he succeeds to the whole interest of the purchaser. Accordingly, where land was sold under a judgment of foreclosure against tenants in common, and redeemed by a judgment creditor of one of the tenants, who in due course received his deed: *Held*, that the redemptioner took the interests of both tenants.

ID.—ID.—SHARPSTEIN, J., concurring in the judgment, doubted whether the redemptioner had a right to redeem a greater interest in the property sold than that of his judgment debtor; but was of the opinion, as the purchaser did not object to his redeeming the whole property, that the effect of the transaction was to vest in him the whole interest of the purchaser.

ID.—ID.—LIEN.—MYRICK, J., dissenting, was of opinion that the redemptioner was subrogated to the rights of his judgment debtor, and thus became the owner of the legal title formerly held by him; and, as to the other tenant, that he acquired an equitable lien upon his interest as security for one-half of the redemption money.

ID.—ID.—CASES EXPLAINED — EQUITABLE REDEMPTION— STATUTORY REDEMPTION.—*Kirkman* v. *Dupont*, 14 Cal., was not a case of statutory redemption, but of redemption by junior mortgagees of the interest of one tenant in common from a sale in a foreclosure suit against the tenants in common to which they were not parties. The difference between the cases is explained in *Whitney* v *Higgins*, 10 Cal. 554, and *Montgomery* v. *Tutt*, 11 id. 317.

ID.—ID.—ID.—*Erwin* v. *Schriver*, 19 Johns. 379, and *Fischer* v. *Eslamann*, 68 Ill. 78, are on statutes with different provisions from the statute of this State.

APPEAL from a judgment for the plaintiff, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts are stated in the opinion.

*Sawyer & Ball*, for Appellants.

The right to redeem is statutory, and can only be exercised in accordance with the statute. (Freeman on Executions, § 314; *Haskell* v. *Manlove*, 14 Cal. 54; *Wilcoxen* v. *Miller*, 49 id. 193 ; *Fischer* v. *Eslamann*, 68 Ill. 78 ; Code Civ. Proc. § 701.) It could not have been the intention of the statute to give a creditor the right of redemption to any other lands than such as were subject to the *lien* of the judgment creditor. (*Erwin* v. *Schriver*, 19 Johns. 379; *Kirkham* v. *Dupont*, 14 Cal. 559; *Quinn* v. *Kenney*, 47 id. 147 ; Freeman on Execu-

tions, § 321; Freeman on Coten. etc. § 371; *Fischer* v. *Eslamann*, cited *supra*.)

*Taylor & Haight*, for Respondent.

Respondent had the right to redeem.   (Code Civ. Proc. § 701.)   *Erwin* v. *Schriver*, 19 Johns. 379, and the Illinois case cited, were decided under different statutes from ours. *People* v. *Haskins*, 7 Wend. 463, decided under a later statute in New York, is in point, in our favor.   At all events, the acceptance by Winter of the money paid by Eldridge ought to be regarded as a transfer by Winter of the right acquired by him.

THORNTON, J. :

Eldridge instituted this action to quiet his title to a parcel of land situate in the City and County of San Francisco.

It appears from the findings of the Court below, that on the 26th of March, 1872, J. D. and W. H. Farwell, who were then owners of undivided moieties of the land in controversy, executed a mortgage thereon to the National Gold Bank and Trust Company; that this company thereafter brought suit to foreclose the mortgage, and obtained a decree, which was recorded on the 29th of January, 1875.   At the sale made by virtue of this decree, on the 8th of March, 1875, William Winter purchased the premises, and received from the Sheriff a certificate of sale.   The purchase-money paid by Winter was $6,000.   On the 6th of September, 1875, Eldridge, as a judgment creditor of J. D. Farwell, redeemed the premises from Winter, paying him the sum required by law, amounting to $6,832.   On the 12th of November, 1875, the period of six months from the sale having then elapsed, the Sheriff executed to Eldridge a conveyance of the premises.

It was also found, that on the 5th of November, 1875, (after the expiration of the six months' period above mentioned) Wright purchased of Wm. H. Farwell, for the sum of $800, all of his (Farwell's) interest in the land, on the same day received a conveyance therefor, gave notice to the Sheriff of his

purchase, and forbade his executing any deed to Eldridge of his grantor's (W. H. Farwell's) interest in the premises.

The sole question presented for decision here is, whether Eldridge acquired by the proceedings above stated a title to the land in controversy independent of any right which Wright received under the conveyance to him by W. H. Farwell, and which would entitle him to a judgment quieting his title against Wright.

It is contended on behalf of the defendant, that the judgment under which Eldridge redeemed was docketed on the 23rd of January, 1875, and that the lien of such judgment was not subsequent to that on which the property was sold, and therefore he (Eldridge) was not entitled to redeem. It is true that the judgment recovered in the foreclosure case was not recorded until the 29th of January, 1875, but it does not appear that this judgment was ever docketed; and, therefore, when the sale took place, there was no lien by this judgment. (Code Civ. Proc. §§ 671, 726; *Englund* v. *Lewis*, 25 Cal. 337.) But the lien under which the property was sold was that of the mortgage foreclosed, (Code Civ. Proc. § 901; *Frink* v. *Murphy*, 21 Cal. 108) which dates from the 26th of March, 1872, the day on which the mortgage was executed. The lien of the judgment under which Eldridge redeemed having come into existence long subsequent to this, he was, in our opinion, a redemptioner under the statute.

Eldridge effected a redemption from Winter. What did he redeem? The statute affords the only means of ascertaining this. The right to redeem exists only by virtue of the statute, and under its provisions we must find the measure of the right. (*Tuolumne Redemption Company* v. *Sedgwicks*, 15 Cal. 515.) According to the requirements of the statute upon this subject, "upon a sale of real property, the purchaser is substituted to, and acquires all the right, title, interest, and claim of the judgment debtor thereto." (Code Civ. Proc. § 700.) In all cases other than a sale where "the estate is less than a leasehold of two years' unexpired term," the property sold is subject to redemption, and the officer making the sale is required to give to the purchaser a certificate of sale, containing, among other things, a particular description of the property sold, and a

statement that it is subject to redemption. (Code Civ. Proc. § 700.) The succeeding section of the Code (701) prescribes that "property sold subject to redemption as provided in the preceding section, or any part sold separately, may be redeemed in the manner hereinafter provided."

It is a just inference from the statutory provisions above stated, that when Eldridge redeemed from Winter, he redeemed the whole property sold. The sale by the Sheriff embraced the interests of both J. D. and W. H. Farwell, and was not restricted to the interest of J. D. Farwell. Eldridge redeemed the whole property from the sale made by the Sheriff to Winter, regardless of the interests of the judgment debtors. He had to redeem all or none. As the property sold was embraced in one sale, the law afforded no means by which less than the whole could be redeemed. The redemption was an entirety, and so existed, or did not exist at all.

This conclusion is sustained by the further statutory enactments on the subject. In order to redeem from the purchaser, the redemptioner is required to pay him the amount of his purchase, with twelve per cent thereon in addition, etc., etc. (Code Civ. Proc. § 702.) If the property sold be redeemed by a redemptioner, another redemptioner may, within sixty days after the last redemption, again redeem it from the last redemptioner, on paying the sum paid on the last redemption, with four per cent thereon in addition, etc., etc. The property may be again and as often as a redemptioner is so disposed, redeemed from any previous redemptioner, within sixty days after the last redemption, on paying the sums paid on the last previous redemption, with four per cent thereon in addition, etc., etc. (Code Civ. Proc., § 703.)

It will be seen from these provisions of the statute that not only must the whole property be redeemed, but the payments to be made on redemption always include the whole purchase-money.

As to the conveyance by the Sheriff, it is provided that if a redemption is made, and sixty days have elapsed and no other redemption has been made within that period, and the time for redemption has expired, the last redemptioner or his assignee is entitled to a sheriff's deed. (Code Civ. Proc. § 703.) The

Sheriff must convey the property sold.    There is nothing in the statute as regards this conveyance which makes any reference to less than the entire property which the Sheriff has sold, and for which he has made his certificate of sale to the purchaser.

The statute allows the judgment debtor to redeem at any time within the six months, and it may be that his successor in interest has the same right.    If the judgment debtor redeems, "the effect of the sale is terminated, and he is restored to his estate."    (Code. Civ. Proc. § 703.)    Such is not the effect, as is above seen, when the redemption is made by one of the class styled redemptioners.    Under the circumstances above pointed out, one of that class is entitled to a conveyance from the Sheriff.

The provisions of § 707 of the Code of Civil Procedure, as to the rents of the property sold, or the value of its use and occupation, also show that the interest of the purchaser, and of the redemptioner from the time of redemption made, extends to the whole property sold.

It is contended on behalf of the defendant that the right of Eldridge to redeem extends no further than the interest of the tenant in common, which is bound by the lien of the judgment under which he (Eldridge) derives the right to make such redemption; that under his judgment against J. D. Farwell, he could, by virtue of an execution issued on it, sell only the interest of J. D. Farwell, and that his right of redemption is limited to the interest which he could subject to sale under execution.    What is said above shows this to be an entire misconception of the scope of the statute.    The provision of the statute invoked to sustain this view is contained in the second subdivision of § 701.    This subdivision, in our judgment, defines the class of persons who have a right to exercise the privilege of redemption.    It does not in any way limit or define the extent of the right.    Such extent will be found in the other provisions of the statute referred to above.

The contention put forth on behalf of defendant that by reason of the fact that Eldridge, a judgment creditor of J. D. Farwell, a tenant in common with the grantor of defendant, has redeemed the property from the sale to Winter, an equity has resulted to defendant, has nothing to sustain it.    If no redemption had been

made, upon the expiration of the period of six months after the sale, the purchaser (Winter) would have been entitled to a conveyance of the property. . By the redemption, Eldridge was invested with all the rights of Winter. It is said in *Bagley* v. *Ward*, 37 Cal. 121, that "the redemption is virtually a transfer of the certificate of sale." (As to this, see also *Abadie* v. *Lobero*, 36 Cal. 390.) The equity is novel which has no existence against Winter, but becomes quick with life when Winter's rights have been transferred to another. W. H. Farwell, the grantor of Wright, could have redeemed at any time within the six months' period, either from Winter, the purchaser, or Eldridge, the redemptioner. It may be conceded that Wright, the grantee of W. H. Farwell, had the same right. But when the six months' period had elapsed, neither W. H. Farwell, nor his grantee, Wright, had any such privilege. As we have seen, the conveyance to Wright was not made until the expiration of the six months, and at that time his grantor had nothing to convey which would invest his grantee with the right to redeem. It cannot be maintained that under such circumstances W. H. Farwell had a right to redeem. To hold that Wright had, would be to accord to him a greater right than his assignor had.

We have examined the cases cited by counsel for defendant. They have no application to the case before us. *Kirkham* v. *Dupont*, 14 Cal. 559, is a case of second mortgagees of the interest of one tenant in common seeking to redeem from a prior mortgage made by his mortgagor, in which the other tenant in common joined. There had been a foreclosure by suit of the first mortgage against both tenants in common, to which the second mortgagees were not parties, a sale at which the first mortgagees became the purchasers, and had received the sheriff's deed. The Court held that the second mortgagees could redeem the interest of the tenant in common who had mortgaged to them. This was not a case of statutory redemption. The difference between the redemption right of a mortgagee before decree of foreclosure, and the statutory right to redeem from a judgment, is pointed out in *Whitney* v. *Higgins*, 10 Cal. 547, and *Montgomery* v. *Tutt*, 11 Cal. 307. The cases cited from New York, *Erwin* v. *Schriver*, 19 Johns. 379, and the case from

Illinois, *Fischer* v. *Eslamann*, 68 Ill. 78, are on statutes with different provisions from the statute of this State, and have no application to the question before us, which is to be determined on the construction of the statute of this State, which gives the right of redemption, defines its extent, and limits, regulates, and controls it in all its length and breadth.

We discover no error in the judgment of the Court below, and it is affirmed.

MORRISON, C. J., McKINSTRY J., McKEE, J., and ROSS, J., concurred.

SHARPSTEIN, J., concurring:

I concur in the affirmance of the judgment of the Court below, although I am not convinced that the plaintiff, by virtue of his judgment against J. D. Farwell, had a right to redeem any greater interest in the property than J. D. had. But Winter had purchased the entire interest of both of the Farwells, and if he did not object to the plaintiff's redeeming the whole property, I think the effect of the transaction was to vest in the plaintiff whatever right Winter had acquired. The Sheriff, in receiving the money paid by plaintiff, and in the execution of the deed, was acting as the agent of Winter; and he, by receiving the money and acquiescing in the conveyance to the plaintiff, ratified the acts of the Sheriff; so far, at least, as to preclude any stranger to the transaction from attacking it. If Winter had declined to receive more than one-half of the money tendered him, and refused to sanction the conveyance of more than an undivided one-half interest in the property to the plaintiff, on the ground that the plaintiff's lien was limited to that, I am not prepared to say that the plaintiff could have compelled the conveyance of anything beyond that. But Winter had a perfect right to transfer the interest which he had acquired in the whole property to the plaintiff, and to direct the Sheriff to convey it to him, and for anything appearing to the contrary that was done. As I view the case, the plaintiff occupies the same position that Winter would have occupied if he had received a conveyance of the entire property from the Sheriff. Neither Winter nor the plaintiff became a tenant in common of W. H.

Farwell. No relation of trust or confidence is shown to have been established between them. Of course, the Farwells, or either of them, or their successor in interest, or the successors in interest of either of them, might have redeemed the entire property within the statutory period. But I can discover no ground upon which the defendant can now base any claim to any part of the property.

MYRICK, J., dissenting:

This is an action to quiet title. J. D. Farwell and W. H. Farwell were the owners, as tenants in common, of the premises described in the complaint. They mortgaged the premises to the N. G. B. and T. Company to secure the payment of $7,000. Judgment of foreclosure of the mortgage and sale of the premises was made by the proper court. At the sale by the Sheriff, William Winter became the purchaser at $6,000, and received a certificate of sale from the Sheriff. September 6th, 1875, plaintiff gave notice to the Sheriff that he was a judgment creditor of J. D. Farwell; that he had a judgment lien on the property, and intended to redeem the land from the sale, and deposited $6,832 with the Sheriff, which was accepted by Winter. November 5th, 1875, W. H. Farwell executed to defendant a deed, in consideration of $800, conveying all his right, title, and interest in the premises. Defendant gave notice to the Sheriff of his purchase, and forbade the Sheriff from executing a deed to plaintiff of W. H. Farwell's interest in said land. After the receipt of the notice, the Sheriff, November 12th, 1875, executed to plaintiff a deed purporting to convey to plaintiff the premises, embracing the title and interest of J. D. Farwell and W. H. Farwell.

Plaintiff then commenced this action to quiet his title to the premises. Defendant answered, alleging that he was the owner of an undivided one-half of said property as a tenant in common. He also set forth the facts above stated, and asked that his interest in the premises be determined. Plaintiff demurred to that part of the answer. The Court sustained the demurrer. The cause was tried, and judgment rendered for the plaintiff.

From the foregoing statement, it appears that property,

owned by J. D. and W. H. Farwell as tenants in common, was sold at sheriff's sale to satisfy their mortgage, Winter being the purchaser; that plaintiff, being a judgment creditor of J. D. Farwell, redeemed the property from the sale, and received the sheriff's deed as redemptioner; and now claims to own the entire property by virtue of that redemption and deed; that defendant is the successor in interest of W. H. Farwell, subject to the mortgage and the sale thereon, and claims to own the undivided one-half of the premises, subject to whatever rights may have accrued under the foreclosure and sale. If the interest theretofore owned by W. H. Farwell, purchased by Winter at the sale, passed to plaintiff upon the redemption, defendant has no interest in the property, and plaintiff was entitled to a decree. If, however, plaintiff, notwithstanding the sale to Winter, acquired by his redemption only the interest or title of J. D. Farwell, and an equitable lien on the other half as security for one-half the amount paid on the redemption, defendant has some interest in the property.

Upon a sale of real property, the purchaser is substituted to, and acquires all the right, title, interest, and claim, of the judgment debtor thereto. (Code Civ. Proc. § 700.) Winter, therefore, was substituted to, and acquired all the right, title, interest, and claim, of J. D. Farwell and W. H. Farwell, in and to the premises. Property sold subject to redemption may be redeemed by the following persons or their successors in interest: First, the judgment debtor, or his successor in interest in the whole or any part of the property. Second, a creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold. (Code Civ. Proc. § 701.) The persons mentioned in the second clause are termed redemptioners.

The two Farwells, therefore, or the successor in interest of the two, could have redeemed. The statute is silent as to any direct provision that one of two or more judgment debtors, or the successor in interest of one of two or more debtors, may redeem, but all the cases that have come under observation take it for granted that such action can be had. The words " or his successor in interest in the whole *or any part of the property*," would seem to imply that the successor must be a successor as

to some particular parcel rather than as to an undivided interest; yet it has been held, under similar words, that *any part of the property* will include an undivided interest. In the second subdivision above referred to, the words "or·on some share" are used in addition to the words "or part thereof," which clearly authorize the creditor of one tenant in common to redeem.

The plaintiff, therefore, being a judgment creditor of J. D. Farwell, had a right to redeem from the whole sale. Having exercised that right, the next question is, for whose benefit did he redeem? If a debtor redeem, the effect of the sale is terminated. Did plaintiff's redemption terminate the sale as to the interest of W. H. Farwell, or was the effect of the redemption to transfer to plaintiff all the right, title, and interest which Winter had acquired by the sale? The statute provides that the last redemptioner shall be entitled to the sheriff's deed. If J. D. Farwell had redeemed, the effect of the sale would have been terminated, but as he would have been compelled to pay off the whole debt, he would have had a lien upon W. H. Farwell's share as security for one-half the amount paid.

The cases bearing upon the point in controversy are limited in number.

In *Erwin* v. *Schriver*, 19 John. 380, Chief Justice Spencer, delivering the opinion of the Court, said: "We are decidedly of opinion that Erwin (a judgment creditor of one of the tenants in common) has no right to a deed for all the lands thus purchased. His lien never extended to the whole, nor any further than to the individual right of the tenant in common, against whom he had a judgment. It never could have been the intention of the Legislature to give to a creditor a right of redemption to any other lands than such as were subject to the lien of the judgment creditor who offered to redeem. Beyond such lands he has no pretense to step into the place of the purchaser. The right to redeem can be coextensive only with the lien." The case went off, however, on the point that Erwin could not redeem a distinct parcel of the land sold, under the then existing statute in New York.

In *The People* v. *Haskins*, 7 Wend. 463, it was held, that a creditor whose judgment was a lien on a specific portion, the judgment having been rendered under a former statute not

allowing such redemption, could redeem under the Revised Statutes in force at the time of redemption, which allowed such redemption; but this case was overruled in the Court of Errors. (*Huntington* v. *Forkson*, 6 Hill, 149.)

*Fischer* v. *Eslamann*, 68 Ill. 78. Where the land of A. and B., owned by them as tenants in common, is sold upon foreclosure of a mortgage given by them, and is redeemed by a judgment creditor of A., and a deed made to the creditor, the latter will acquire no title to the interest of B.; but it seems that as such creditor succeeds to the portion of A., and was compelled to advance money to remove the prior incumbrance as to both A. and B., he will be entitled in equity to compel B., and those succeeding to his title, to contribute toward the cost of the redemption. Where one tenant in common removes an incumbrance from the common estate, the other tenants must contribute to the extent of their respective interests; and to secure such contribution a Court of Equity will enforce upon such interests an equitable lien.

The statute of Illinois, referring to the deed to be executed by the Sheriff, whether purchaser or redemptioner, provides that "such deed shall convey to the grantee therein named all the title, estate, and interest of the person against whom the execution was issued, of every nature and kind, in and to the premises thereby conveyed." It is provided that redemption may be made by the defendant within twelve months, and thereafter by a judgment creditor, and, the creditor having redeemed, "shall be considered as having bid at such sale the amount of the redemption money so paid by him," and the officer shall "execute a deed of the premises to him." This last provision, that the creditor "shall be considered as having bid," etc., is not in the statute of California.

Freeman in his work on Cotenancy, § 371, says: "A judgment creditor of one tenant in common may redeem the interest of such cotenant, but he must pay the entire sum which would be necessary to effect a redemption of the whole property; while by such redemption he can acquire nothing beyond the moiety of his judgment debtor." This is repeated in Freeman on Executions, § 321, and is stated on the authority of *Neilson* v. *Neilson*, 5 Barb. 565, and *Quinn* v. *Kenney*, 47 Cal. 147.

*Quinn* v. *Kenney* does not decide the principle ascribed to it, but in *Neilson* v. *Neilson* the principle is fully given, though not necessary to the case. This was an action of ejectment. H. Neilson, Post, Post, and Badgley were the owners of premises as tenants in common. For their joint debt the property was struck off at sheriff's sale to Badgley. Plaintiff G. W. Neilson, judgment creditor of H. Neilson, redeemed the premises from the sale. The Court say that plaintiff redeemed as a creditor of Henry Neilson alone. He could, therefore, acquire no greater estate than that which belonged to H. Neilson. If that was an undivided share, the plaintiff acquired it. The deed to the plaintiff does not affect the estate which either Badgley, Post, or Post had in the premises before the sale. Such estate, if it has not been redeemed, is still in Badgley. But, this action being against H. Neilson alone, he cannot complain; it will be time enough to adjust the rights of Badgley, Post, and Post, when they come before the Court.

There is no provision, in so many words, in the statute of this State for the redemption by the successor in interest of a judgment debtor from the redemption by a judgment creditor. Sec. 703 of the Code of Civil Procedure authorizes a *redemptioner* to redeem after redemption by a first redemptioner, and also authorizes the *judgment debtor* to redeem, but does not in terms confer the right upon a *grantee* of the debtor.

If the debtor redeem, the effect of the sale is terminated. If the redemption is by a redemptioner, and no later redemption be made, the redemptioner is entitled to a deed. Sec. 700 of the Code of Civil Procedure provides that upon a sale of real property, the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto.

At first view it would seem, in the case at bar, that when plaintiff, Eldridge, redeemed from the sale to Winter, he was subrogated to and thence possessed all the rights of Winter, and that the sheriff's deed conveyed to plaintiff the entire title of J. D. and W. H. Farwell. But, taking into consideration that plaintiff's right to redeem at all was based upon a judgment against J. D. Farwell alone, that there was nothing in common existing between plaintiff and W. H. Farwell, it may well be urged that the views expressed by the courts in the cases above

cited are correct, and that plaintiff was subrogated to the rights of J. D. Farwell only; that if he, J. D. Farwell, had redeemed, he would have had his own title again redeemed, (*i. e.*, purchased back) and would have had an equitable lien upon the share of his joint owner for the proper amount thus paid to relieve that share; and that plaintiff, by redeeming, acquired the same position, was subrogated to the rights of his judgment debtor, and thus became the owner of the legal title formerly held by J. D. Farwell, and to an equitable lien upon the title formerly held by W. H. Farwell as security.

From an examination of the statute and of the cases above cited, I am of opinion that the view last above expressed is correct. The other view would compel defendant Wright, in redeeming, (if he had any right at all to redeem) to have paid not only the judgment against both the Farwells on the foreclosure, but the plaintiff's judgment aginst J. D. Farwell also, in order to relieve his interest as successor of W. H. Farwell from the foreclosure. I do not think that the Legislature intended that result.

Defendant should, therefore, have had an opportunity to interpose the defense set up in his answer, and prove, if he could, his right to relief. This being a proceeding in equity, the Court below has full authority to hear and determine all the rights of the parties. Defendant should have a reasonable time, to be fixed by the Court below, within which to pay to plaintiff one-half of the amount paid for the redemption from the sale on foreclosure, with interest; and in case of payment, be adjudged the owner of so much of said premises as was owned by W. H. Farwell: if he omit to make such payment, be adjudged to have waived his rights, and plaintiff adjudged to be the owner of the premises, free of any claim by defendant, and his title thereto quieted.

In my opinion the judgment of the Court below should be reversed, and the cause remanded to the Superior Court of the City and County of San Francisco, with instructions to overrule the demurrer of plaintiff to the defense set up and pleaded in the fourth paragraph of the defendant's answer, and that a trial be had and judgment rendered in accordance with the views herein expressed.