## WHITE v. COSTIGAN.*

## S. F. No. 1663; February 23, 1901.

### 63 Pac. 1075.

Receiver's Sale.—Though a Receiver's Sale of Land had Been Held to be Unauthorized on appeal in another suit, the facts affecting the validity of the sale not appearing from the record in the case at bar, and it having been expressly found in the trial court that the sale was properly made, it would be assumed, for the purposes of the case, that the sale was valid.

Mortgage—Deficiency Judgment.—Where, on Foreclosure of a Mortgage, a deficiency judgment was entered in favor of a junior mortgagee, but prior to his judgment a portion of the mortgaged lands not included in his mortgage had been conveyed by receiver's deed, he was not entitled to redeem such lands, under Code of Civil Procedure, section 701, giving a right of redemption to creditors having a lien.

Mortgage—Redemption.—Where a Purchaser at Mortgage Sale made a quitclaim deed of the land to the owner, such deed operated as a redemption, and perfected the owner's title.

Mortgage—Redemption.—By Code of Civil Procedure, section 703, a redemption from a mortgagee is followed by a sheriff's deed, and section 705 requires a redemptioner to serve, with his notice of redemption to the sheriff, a copy of any assignment necessary to establish his claim. Held, that where, after mortgage foreclosure, the purchaser on mortgage sale gave a deed of the premises to the owner, and prior thereto, and with the knowledge of the owner, one who was unauthorized to redeem attempted to do so, and paid the redemption money to the sheriff, under section 703 the redemption was virtually an assignment of the purchaser's interest, though the sheriff was not authorized to make the deed under section 705, and hence should be regarded as the assignee of the purchaser, and the owner entitled to have her title quieted only on condition of paying the redemption money to the redemptioner.

Mortgage—Redemption.—Where the Purchaser at Mortgage Sale gave a deed of the premises to the owner, and prior thereto one not entitled to redeem had paid the redemption money to the sheriff, the redemptioner's right to be regarded as the assignee of the purchaser's interest, being purely one in equity, did not extend to the forfeiture of the owner's title for nonredemption, she not being affected by the transaction between the purchaser and the redemptioner, and the deed from the purchaser being, in effect, a redemption.

*For subsequent opinion in bank, see 134 Cal. 33, 66 Pac. 78.

Mortgage—Redemption.—Where **One Who** was not Author-ized to redeem from a mortgage sale paid the redemption money to the sheriff, such redemptioner had a right to have his equitable title perfected by a conveyance from the owner, to whom the purchaser thereafter conveyed the land.

Mortgage—Redemption.—Where **One Who** was **not Authorized** to redeem from a mortgage sale paid the redemption money to the sheriff, his right to be repaid his money, or to have a conveyance from the owner of the lands, being an equitable one merely, he should be allowed legal interest only on the amount paid by him from the date of payment.

APPEAL from Superior Court, Mendocino County; J. M. Mannon, Judge.

Action by Frankie White against James M. Costigan. From a decree in favor of defendant, plaintiff appeals. Re-versed.

Wm. T. Baggett, J. Q. White, Geo. E. Whitaker and Walter H. Linforth for appellant; Seawell & Pemberton for re-spondent.

SMITH, C.—The suit was brought to quiet title to the lands described in the complaint. Judgment was rendered for the defendant. The appeal is from the judgment, and on the judgment-roll. Both parties deraign title from one George E. White, plaintiff's divorced husband. White had mort-gaged the lands in controversy and other lands to one Fair-banks, and afterward some of the same lands, but not the lands in controversy, to the defendant Costigan. Suit was commenced by Fairbanks, January 15, 1895, for foreclosure of his mortgages, to which Costigan was made defendant as junior mortgagee. Pending this suit the mortgages of Fair-banks were assigned to the plaintiff herein, and by her to one Linforth, who was substituted as plaintiff. Judgment for foreclosure was entered—date not given—and on March 6, 1897, the lands included in the Fairbanks mortgage were sold by the sheriff, and on the return of the sale, March 25, 1897, a deficiency judgment for $3,937 was docketed in favor of Costigan. At the sale Linforth became the purchaser of the lands in controversy for the sum of $500. Costigan redeemed from the sale, within the time allowed by law for redemption, paying the redemption money to the sheriff, and receiving his

certificate, and afterward his deed for the land sold. The redemption money was paid to, and accepted by, Linforth. The redemption was regular in all respects except as to Costigan's right to redeem. On the day after redemption, September 8, 1897, Linforth made a quitclaim deed of the land to the plaintiff, who paid no consideration, and took the deed with notice of the redemption and of the acceptance of the money by Linforth. The plaintiff deraigns title under the deed last referred to, and also under receiver's deed—date not given, but recorded November 21, 1896—made in pursuance of a sale under an order of the superior court of San Francisco of date April 12, 1895, and an order of confirmation of date May 5, 1896, in a divorce suit therein pending between herself and her husband. The validity of this sale was involved in the case of White v. White (decided by the court in bank, December 6, 1900), 130 Cal. 597, 80 Am. St. Rep. 150, 62 Pac. 1062; and it was there held, on the facts appearing in that case, that the court was without jurisdiction to order the sale, and the sale and deed made in pursuance thereof consequently void. But in this case the facts affecting the validity of the order of sale do not appear, and it is expressly found that the order of sale, and the order confirming the sale, were "duly made and entered" by the court, and that thereafter a deed was executed to the plaintiff by the receiver "conveying to (her) all the right, title, and interest of the said George E. White in and to the lands . . . . sold, . . . . including the premises described in the complaint." Hence there is nothing in the record here to show want of jurisdiction in the court; and the maxim, "De non apparentibus, et non existentibus, eadem est ratio," must be applied. It must therefore be assumed, in this case, that the sale was valid.

The relations of the parties to the land in controversy appear, then, to be as follows: Mrs. White, after the foreclosure sale, was the legal owner of the land, and entitled to redeem. By the quitclaim deed from Linforth, she acquired whatever interest he had at the date of the deed, which, unless he had previously parted with his interest as purchaser, perfected her title. But in the meanwhile Costigan had redeemed from Linforth, and, if he thereby acquired any rights, these could not be affected by the deed to Mrs. White. The questions involved relate, therefore, to the validity and effect of this redemption. In considering them, the legal and the equitable

aspects of the case must be carefully distinguished. The former will be first considered.

1. The redemption was made by Costigan under his deficiency judgment of March 26, 1897. But before that time the title to the land in controversy had passed by the receiver's deed to Mrs. White. His judgment, therefore, was not a lien upon the land, and did not entitle him to redeem: Code Civ. Proc., sec. 701. The sheriff's deed was therefore wholly void. "To be entitled to redeem, [the party], must be a creditor having a lien": Haskell v. Manlove, 14 Cal. 57. The power of the sheriff to transfer the title of the judgment debtor or his successor, in invitum, "is altogether statutory, and his acts are nugatory, unless the provisions of the statute are pursued": Wilcoxson v. Miller, 49 Cal. 194. The case, therefore, in its legal aspect, was not affected by the attempted redemption. The legal title was already vested in Mrs. White, but was subject to forfeiture for failure to redeem within the period presented by the statute. The deed removed this liability, and in effect operated as a redemption from the sale. Thenceforth her title, i. e., her legal title, ceased to be subject to forfeiture, and thus became perfect.

2. It remains to be considered whether, by his attempted redemption, Costigan acquired any equitable rights, and, if so, what these may be. With regard to this question, Mrs. White appears in double capacity, or rather in two capacities, namely, as the successor of the judgment debtor, and as the successor of the purchaser, Linforth. In the former capacity she was the owner of the land, subject to forfeiture for nonredemption, and, as she was not a party to the transaction between Linforth and Costigan, her title was not affected thereby. But as grantee in the deed from Linforth she took subject to any equities existing against him in favor of Costigan. The question between her and Costigan is therefore the same, with regard to such equities, as would have been the question between him and Linforth if the deed had not been made. Stated generally, the question involved is as to the effect of a redemption from an execution sale by an unqualified redemptioner accepted or acquiesced in by the purchaser. On this point it seems to be settled that the purchaser is estopped to dispute the validity of the redemption: 3 Freem. Exns., sec. 317, p. 1870, and cases cited. But whether such estoppel will operate to transfer the interest of

the purchaser to the redemptioner must depend upon the statutory provisions of the particular state. Thus, in Illinois —where the effect of redemption is simply to extinguish the purchaser's interest, and thus to subject the property to the redemptioner's lien—it has been held that a redemption by an unqualified redemptioner cannot be treated as an assignment, though it is suggested that even there the redemptioner, in a proper proceeding in equity, might be subrogated to the rights of the purchaser: Meyer v. Mintonye, 106 Ill. 414; Freem. Exns., sec. 321, pp. 1885, 1886. But in this state, by the provisions of our statute, the redemption is followed by a deed (Code Civ. Proc., sec. 703), and hence "the redemption is virtually a transfer of the certificate of sale": Bagley v. Ward, 37 Cal. 129, 130, 99 Am. Dec. 256; Eldridge v. Wright, 55 Cal. 536.

In Bagley v. Ward the redemptioner was qualified to redeem, but it was objected that the papers required by the statute were not produced to the sheriff, which ordinarily would render the redemption void: Code Civ. Proc., sec. 705; Haskell v. Manlove, 14 Cal. 54; Wilcoxson v. Miller, 49 Cal. 193. It was held that, "as between the immediate parties to the redemption, the production of the papers mentioned in the statute (might) be waived," and that the sheriff's deed passed a good title. In the case at bar the redemptioner was not entitled to redeem, and hence the sheriff has not authorized to make the deed; but the principle that a redemption, under our laws, is virtually an assignment, applies. And, indeed, this is evident from the nature of the transaction; for, as the end and effect of the redemption is to transfer the title, this interest must necessarily enter into the minds of the parties, and the transaction thus contains in itself all the elements of a valid assignment except the formal writing: Civ. Code, secs. 1066, 1636, 1646, 1647. In this case, for lack of the written assignment, the sheriff had no authority to convey (Code Civ. Proc., sec. 705); but nevertheless the intent is apparent, and the transaction, interpreted in the light of the circumstances, and of the law and usage of the state, must be regarded in equity as an assignment of the purchaser's interest. Accordingly, in Abadie v. Lobero, 36 Cal. 396, 397, which was a case of redemption by an unqualified redemptioner, it was assumed (though not expressly held) that, "since (the purchaser) was satisfied and treated the redemp-

tion as valid, it was good, or, if not good as a redemption as between the parties, amounted to an assignment of the certificate of sale,'' and this opinion is referred to with apparent approval in Eldridge v. Wright, 55 Cal. 536, 537, and in the concurring opinion in effect affirmed. The defendant must therefore be regarded as occupying the position of equitable assignee of Linforth's interest, and is entitled to have his equitable right perfected. But his right, which is purely of equity cognizance, does not extend to the forfeiture of the plaintiff's title for nonredemption; for, as to her original title, she was not affected by the transaction between Linforth and the defendant, and from the legal point of view the deed from Linforth was, in effect, a redemption. Nor, were it otherwise, could equity assist him in enforcing a forfeiture. The plaintiff is therefore entitled to have her title quieted, but only on the condition of paying to the defendant the amount paid by him for redemption. The defendant has a right to have his equitable title perfected by a conveyance from the plaintiff, if she does not redeem; and, as his right is merely equitable, he should be allowed and the plaintiff required to pay legal interest only on the amount paid by him ($560) from the date of payment. The time for redemption should be limited to a reasonable time, not exceeding six months from the entry of the judgment herein ordered. I advise that the judgment be reversed and the cause remanded, with directions to the court below to render judgment on the findings in accordance with this opinion.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to render judgment on the findings in accordance with this opinion.