## KNIGHT v. FAIR.

9 117
e138 392

A purchaser at sheriff's sale may have a lien upon the property prior to that of the redemptioner.   The fact that he is the *creditor* does not divest the lien.   He may be both a creditor and a purchaser, and still have a *prior* lien to that of the redemptioner.   This can only be on the principle that the legal estate is still in the judgment-debtor, until the delivery of the sheriff's deed.

In all cases where a mere lien exists, the legal estate must be in some other party than the mortgagee.   This legal estate, and the consequent right to discharge the lien and save the estate, is of value, and can be sold.

APPEAL from the District Court of the Ninth Judicial District, County of Siskiyou.

The facts appear in the opinion of the Court.

*J. A. Fletcher* for Appellant.

The sum of $472, paid to the sheriff, was not sufficient.   It should have been $1,014 35.

The $271 13 paid to the clerk should have been paid either to the purchaser or sheriff.   Wood's Dig., § 231–2–3; Vandyke et al. *v.* Harmon & Barton, 3 Cal. R., 295; The People ex rel. Dunn *v.* Boring, sheriff, Oct. T., 1857.

BURNETT, J., delivered the opinion of the Court—FIELD, J., concurring.

Application for *mandamus* to compel sheriff to make a deed to the purchaser of real estate.

Knight obtained a judgment against Calham and others, for $637 58, with interest at five per cent. per month, and for $349, with interest at ten per cent per annum, and $150 90 costs, on May 29th, 1856; making in all $1,137 48.   On the 4th June, 1856, there was paid the sum of $491 10, after deducting sheriff's costs, $88 90, for collection, leaving the sum of $646 38. July 23, 1856, the sheriff sold the real estate to Knight for $400. On the 23d January, 1857, the successor in interest paid to the sheriff $472, and to the clerk $271 13, making in all the sum of $743 13, for the purpose of redeeming the property.   The purchaser refused to accept the same as sufficient, and applied for this writ to compel the sheriff to make him a deed.   The writ was denied, and the plaintiff appealed.

The two hundred and thirty-first section of the Code allows the judgment-debtor, or a redemptioner, to redeem within six months after the sale, by paying the purchaser the amount of his purchase, with eighteen per cent. thereon, in addition, together with any assessments or taxes, and interest on such amount; " and, if the purchaser be also a creditor, having a lien prior to that of the redemptioner, the amount of such lien, with interest."

It is certain, from this explicit language, that the *purchaser* may have a *lien* upon the property *prior* to that of the redemptioner. The fact that he is the *creditor* does not divest his lien. He may be both a creditor and a purchaser, and still have a *prior* lien to that of the redemptioner. This can only be upon the principle that the legal estate is still in the judgment-debtor, until the delivery of the sheriff's deed; and, if in the debtor, it is such an estate as may be the subject of a lien, a sale under execution, or of a conveyance by deed from the debtor. In fact, it may be laid down as true, that in all cases where a mere lien exists, the legal estate must be in some other party than the mortgagee. This legal estate, and the consequent right to discharge the lien and save the estate, is of value, and can be sold.

We are compelled to give the statute this construction. If we do not, it has no meaning. This was expressly decided by this Court in the case of Van Dyke *v.* Herman & Barton, (3 Cal. R., 293.)

In this case, when the several payments were made upon the judgment, there were no directions given by the defendants as to the manner in which they should be applied; and the plaintiff, therefore, had his election, and applied them as follows: first, to the payment of the costs; second, to the payment of that part of the judgment drawing ten per cent. per annum; third, to the payment of that part of the judgment drawing five per cent. per month; applying the payments in this way, the amount tendered was not sufficient, as will be seen by this calculation, which is substantially accurate.

Amount due July 23d, 1856, - - - - - - $646 38
Two months' interest on $637 58, five per cent., - - 63 75

$710 13
From which deduct amount bid, - - - - - 400 00

$310 13
Interest at five per cent. per month, from July 23, 1856,
to January 23, 1857, being six months, - - - 93 00
Amount of bid, and eighteen per cent., - - - 472 00

Carried forward, - - - - - - - - $875 13

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Brought forward, - | - | - | - | - | - | - | - $875 | 13 |
| Amount tendered, - | - | - | - | - | - | - | - 743 | 00 |
| Balance, - | - | - | - | - | - | - | - $132 | 13 |

The judgment is reversed, and cause remanded.