[No. 2,456.]

## THOMAS PHELAN v. JOHN GARDNER.

BROKER'S COMMISSION ON SALE OF LAND.—If the owner of land employs another person to sell for him his land, at an agreed rate of commission, and the broker finds a purchaser who is willing to take the land at the price fixed, the owner cannot, by a refusal to sell to him, or by a sale to another, avoid the contract, and escape the payment of the commission.

CONCLUSIVENESS OF JUDGMENT.—A judgment is conclusive only upon questions involved in the action, and upon which it depends, or upon matters which, under the issues, might have been litigated and decided in the suit.

FINDING OF COURT ON MATTERS NOT IN ISSUE.—A finding by the Court, without the issues made, is unnecessary, and is not conclusive on the parties in another action, in which the question upon which the finding was made is in issue.

INTOXICATION AT TIME OF CONTRACTING.—A party may show, in order to defeat a settlement made by him, that, at the time, he was incapable of contracting intelligently, by reason of intoxication, and evidence of the party's condition, as to being intoxicated several hours after the settlement, may be given, as tending to throw light on his condition when the settlement was made.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

In August, 1869, the plaintiff in this action brought an action of forcible entry and detainer against the defendant in this action, to recover possession of a lot in San Francisco.

The defendant filed a supplemental answer, in which he set up, that since the commencement of the action he had paid the plaintiff the sum of three hundred dollars, in full satisfaction of the cause of action, and of all other claims which the plaintiff had against the defendant, and particularly of the cause of action in this suit, which was then pending in the Fourth District Court. The Court found that there had been a forcible entry, but found, also, the facts set up in the supplemental answer, and gave judgment for the defendant.

The defendant in this action pleaded said judgment in the County Court as an estoppel.

On the trial of this action the defendant, to show that the cause of action herein had been adjudicated, offered in evidence the judgment roll in the forcible entry case; but the Court ruled it out on the objection of the plaintiff.

The defendant offered in evidence a receipt given by the plaintiff at the time of the alleged settlement, above spoken of.

The Court gave the following instruction to the jury:

" Yet, if you believe from the evidence that the defendant found the plaintiff in an intoxicated condition, on or about the 13th day of May last; that he took him to a saloon for the purpose of plying him with more liquor; if you believe he did take him to a saloon, and plied him with liquor until he got him in a stupified state, and in such state that he did not know what he was doing, and then pretended to make a settlement with him, and pass over a sum of money to him, and got him to sign a receipt, such a settlement as that is void, and not binding upon the plaintiff; consequently, if you believe that the settlement spoken of is such a settlement as that, and no other, then you will find for the plaintiff the amount that was due him, less the sum of money that was paid him at that time."

The defendant, by his counsel, excepted, on the ground

"that it is in effect a charge upon the facts and the evidence in the case; that it argues the case in favor of the plaintiff, presenting forcibly to the jury what said plaintiff sought to prove, and claimed to have proved by the evidence; and that to charge upon the legal effect, upon a contract of drunkenness of a party thereto, at the time he entered into such contract, it was not necessary or proper to allude to, nor present to the jury, the matters recited in said charge, but only to charge in general terms as to the effect upon any alleged contract, of the drunkenness of one of the contracting parties at the time of assenting to such contract."

The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*George A. Nourse,* for Appellant.

The Court erred in refusing to admit in evidence the judgment roll in the forcible entry and detainer action. The claim of plaintiff in this action, and the action itself, could be settled by agreement between the parties, by payment of a less sum than that claimed by plaintiff, it not being a liquidated debt. (*Cumber* v. *Wane,* 1 Smith Lea. Cases, p. 439*, and cases there cited by editor in the notes to sixth American edition; *Harper* v. *Graham,* 20 Ohio, 105; Stats. 1867–8, p. 31.)

The settlement pleaded by the defendant in this action is shown by the judgment roll offered in evidence to have been adjudicated between the same parties in another action, so that it was *res judicata* at the time of the trial in this action. The judgment being pleaded as an estoppel, the judgment roll should have been admitted, and the jury instructed, that by the judgment the plaintiff was estopped to deny the settlement alleged in the answer. (*Duchess of Kingston's Case,* 20 How. St. Tr. 538; *Gahan* v. *Maingly,* 1 Irish T. R.

54; *Outram* v. *Morewood*, 3 East, 345; *Baxter* v. *N. E. M. Ins. Co.*, 6 Mass. 277.)

The evidence in said action is insufficient to sustain the verdict, in that it fails to show that plaintiff ever became entitled to the commissions for which he sues.

The defendant did not give to plaintiff the exclusive right to sell the land. Not having done so, defendant had the right to sell the land at any time before the plaintiff should bring to him a purchaser able and willing then and there to buy the land on the terms proposed. (*Chilton* v. *Butler*, 1 E. D. Smith, 150; *Glentworth* v. *Luther*, 21 Barb. S. C. 145; *Barnes* v. *Roberts*, 5 Bosworth, 73; *Moses* v. *Bierling*, 31 N. Y. 462.)

When plaintiff brought Cusheon to defendant, as a purchaser, nothing further was done than for defendant to give Cusheon, without consideration, a promise that he should have fifteen days to complete his search and purchase at a price certain.

The defendant had the right, at any time before the bargain was closed, to recall his offer and sell to another. (1 Parsons on Contracts, 353; id. 405.)

*B. S. Brooks*, for Respondent.

The plea of a former adjudication could not be an answer to this demand. The matter set up is no defense. The question whether the cause of action in this suit was released could not by any possibility be at issue in that suit, nor was that Court competent to determine the question. The rule is well settled in this Court: 1. It must be the judgment of a competent Court. 2. It applies only to matters put in issue on the record, and not to matters which come in question incidentally—that is, it applies to facts in issue as distinguished from facts in controversy. 3. The point must be directly determined by the former judgment. The issue here is whether Phelan's claim for brokerage was paid or

settled. That question could not possibly be at issue on the record, or tried, or determined by the County Court in the action of forcible entry, though it might become incidentally a fact in controversy; but it did not become even that. (*Fulton* v. *Hanlon*, 20 Cal. 450; *Hardenbergh* v. *Bacon*, 33 Cal. 356; *Garwood* v. *Garwood*, 29 Cal. 514; *Love* v. *Waltz*, 7 Cal. 250; *Chase* v. *Swain*, 9 Cal. 130; *Gray* v. *Dougherty*, 25 Cal. 266; *Boston* v. *Hayes*, 33 Cal. 31; *People* v. *Sups. of S. F.*, 27 Cal. 655; *Hobbs* v. *Duff*, 23 Cal. 596; *Hough* v. *Waters*, 30 Cal. 309; *Earl* v. *Bull*, 15 Cal. 421; *Pico* v. *Webster*, 12 Cal. 140; *Board of Education* v. *Fowler*, 19 Cal. 11.)

Upon these undisputed facts the defendant owed the plaintiff the precise liquidated sum of one thousand five hundred dollars according to the authorities cited by the defendant's counsel in his brief, and the case in this Court of *Middleton* v. *Findla*, 25 Cal. 76, and *Blood* v. *Shannon*, 29 Cal. 359.

There was no error in excluding the judgment roll in the County Court.

By the Court, NILES, J.:

1. The defendant employed the plaintiff as his broker, to sell for him certain land at an agreed commission of five per cent on the amount of the sale. The plaintiff procured and brought to the defendant one Cusheon, who agreed with the defendant, verbally, to purchase the land for the sum of thirty thousand dollars. The defendant gave Cusheon a memorandum in writing, by which he promised to sell to him for the price named, and to give him fifteen days to complete the search and purchase of the land. Before the expiration of the fifteen days, Cusheon tendered to the defendant a performance in accordance with the agreement, and was informed that the land had been sold to another party. The plaintiff brings suit to recover the amount of his commissions.

It is not contended upon either part that there was a valid and binding contract of sale between Cusheon and the defendant. The defendant claims that for this reason the plaintiff's commission was not earned. This theory is untenable. The plaintiff could do no more than procure a purchaser who was acceptable to the defendant, and willing and able to purchase the land upon terms satisfactory to him. He could not control the will of the defendant or force him to make a binding contract with the purchaser, or prevent him from selling to another. In the absence of an agreement to that effect, the principal cannot refuse to pay the broker's commissions upon the ground that he did not choose to make the sale. He cannot avoid the contract by his voluntary act disabling himself from performance.

2. The judgment roll in the action of forcible entry and detainer was properly excluded. The issue in that case was whether a certain sum of money had been paid by the defendant and received by plaintiff in satisfaction, discharge, and settlement of the cause of action involved in that suit. It was alleged in the answer in that case, and found by the Court, that the money was paid and received in discharge and settlement of this present action as well as of the one then pending. But this was a finding without the issues made, and unnecessary in the decision of that case. It was not necessary that the Court should find that the payment to plaintiff was made and received in "satisfaction, discharge, and settlement of every claim, debt, or cause of action," but only of the cause of action then under consideration. At most, the fact of the settlement of this case could be only incidentally in controversy in the County Court. It is even difficult to see how it could be in controversy at all. A judgment is only conclusive upon questions involved in the suit, and upon which it depends, or upon matters which might have been litigated and decided in the suit.

3. It was competent for plaintiff to rebut defendant's evi-

dence of the settlement and receipt by proof that at the time of the transaction the plaintiff was incapable of contracting intelligently by reason of intoxication. The proof, upon this point was conflicting. There was evidence tending to show that the plaintiff was intoxicated when he signed the receipt, and other evidence to the effect that he was then sober, but that the completion of the business was followed by a protracted carouse. The Court permitted the plaintiff's wife to testify that he was brought to his home by the defendant and another person several hours after the time when the receipt was shown to have been signed, and in a state of thorough intoxication. The fact to be arrived at was the mental condition of the plaintiff at the time the business was transacted. We cannot say that under the circumstances of the case the Court erred in holding that his condition a few hours later in the same evening would throw some light upon the question under consideration.

Judgment and order affirmed.