[S. F. No. 2294. Department Two.—January 24, 1903.]

## THOMAS POLLARD, Respondent, v. W. S. HARLOW, Commissioner, etc., Appellant.

EXECUTION SALE—SUCCESSOR IN INTEREST OF DEBTOR—RIGHT OF RE-DEMPTION FROM MORTGAGE.—Under section 700 of the Code of Civil Procedure, the purchaser at an execution sale becomes the successor in interest of the judgment debtor, whether his title under the certificate of sale be considered legal or equitable, and the assignee of the certificate of sale may redeem from a sale made under the foreclosure of a prior mortgage executed by the judgment debtor, as successor in interest of the mortgagor.

ID.—SUCCESSION TO LEGAL TITLE—CONDITION SUBSEQUENT—EFFECT OF DEED.—It seems that, under section 700 of the Code of Civil Procedure, the purchaser under execution sale acquires the legal title of the judgment debtor, defeasible upon condition subsequent; and that the effect of the sheriff's deed is not to create a new title, but is merely evidence that the title of the purchaser has become absolute.

ID.—CERTIFICATE OF REDEMPTION.—The certificate of redemption need not state the capacity in which the redemption was made. The redemption is sufficient, where the redemptioner presented evidence of title, paid the money required, and received a certificate of redemption.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion.

Snook & Church, for Appellant.

Fred L. Button, for Respondent.

SMITH, C.—The plaintiff is a purchaser of the mortgaged premises at a sale, under a judgment entered April 7, 1899, in the case of the Farmers and Merchants' Savings Bank of Oakland against Thomas Conway, Emma Crothers, et al., foreclosing a mortgage of Conway of date March 19, 1896, and is the holder of a certificate of sale of that date in due form. The suit was commenced December 29, 1898. The defendant is the commissioner who made the sale. Emma, or Mrs. Crothers, defendant in the foreclosure suit, is the

assignee of a sheriff's certificate of sale, of date December 8, 1898, duly made to one Johanna Conway, purchaser of the same land, at an execution sale under a judgment in her favor against the mortgagor, Conway, of date August 22, 1898, and also defendant in the foreclosure suit; and she is also the holder of a certificate of redemption from the foreclosure sale, issued to her pending the time for redemption, by the defendant Harlow. The plaintiff, after the expiration of the time for redemption, demanded of Harlow a deed, and upon his refusal to comply with the demand, brought this suit for *mandamus;* and judgment having been entered in plaintiff's favor, the defendant appeals. The sole question involved is as to the validity of the redemption made or attempted by Mrs. Crothers, which it is claimed by the respondent was void,—1. Because she was not entitled to redeem, either as *"redemptioner"* or as *"successor in interest"* of the judgment debtor; and 2. Because, if entitled to redeem in the latter capacity, she did not do so.

With regard to the former point, it may be assumed that Mrs. Crothers was not entitled to redeem as "a creditor having a lien by judgment," on the mortgaged premises, or, in other words, as "redemptioner." (Code Civ. Proc., sec. 701.) For, as is forcibly argued by the respondent, her judgment was satisfied by the sale, and the lien ceased to exist. But we have no doubt that she is to be regarded as "successor in interest" of the judgment debtor. For by the provisions of section 700 of the Code of Civil Procedure it is in effect so enacted. For it is there provided that "upon a sale of real property, the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto," which is to say unequivocally that he becomes the successor in interest of the judgment debtor; nor is the language used susceptible of a different construction. Any other construction of the act would lead to the absurd result that by purchasing at an execution sale the purchaser would lose the right to redeem altogether, for, as we have assumed, his judgment is satisfied and his lien thus extinguished. Accordingly it has been said by this court, referring to a similar case: "The execution of the deed gave to the purchaser at the sale no new title to the land purchased by

him, but was merely evidence that his title had become absolute. Upon the sale, he acquired all the right, title, interest, and claim of the judgment debtors thereto (Code Civ. Proc., sec. 700), subject to be defeated by a redemption within six months, and to the right of the judgment debtors to remain in the possession of the land until the execution of the sheriff's deed; and all that remained in the [judgment debtors] was the right of redemption and to retain possession of the land until the expiration of the time therefor." (*Robinson* v. *Thornton,* 102 Cal. 680; *Duff* v. *Randall,* 116 Cal. 230.[1])

The authorities cited by the respondent's counsel do not stand in the way of this conclusion. Those of other states refer to laws different from ours; as, for example, the New York cases cited by Mr. Freeman in his work on Executions (sec. 317), and in *Page* v. *Rogers,* 31 Cal. 300, involving the system of that state, which is altogether different from ours. The case of *Haskell* v. *Manlove,* 14 Cal. 54, and the previous cases of *Knight* v. *Fair,* 9 Cal. 117, and *McMillan* v. *Richards,* 9 Cal. 412,[2] involved the construction of section 229 of the Practice Act, prior to the amendment of April 27, 1863, which materially changed the law, and has been carried into the codes. The case of *Page* v. *Rogers,* 31 Cal. 301 et seq., was subsequent to the amendment, but the transactions involved were of date prior thereto, and what is said by the court must be regarded as applying to the case before it; and the same remark will apply to the case of *McMinn* v. *O'Connor,* 27 Cal. 238, there cited.

In later cases, the court, following *Haskell* v. *Manlove* and other cases under the old law, sometimes refer to the title of the purchaser as "equitable," but in none of them was the question involved or considered, or the change of the law by the amendment of 1863 remarked upon. (*Simple* v. *Castle,* 52 Cal. 649; *Robinson* v. *Thornton,* 102 Cal. 680.) Nor do we think that under the law, as amended, the title of the purchaser can be so regarded. The language of section 700 of the Code of Civil Procedure is, that upon the sale of the property "the purchaser is substituted to and acquires *all* the right, title, interest, and claim of the judgment debtor

---

[1] 58 Am. St. Rep. 158.          [2] 70 Am. Dec. 655.

thereto," which is to say unequivocally that he acquires the *legal* as well as the equitable title. The only qualifications are, that (when not a leasehold of less than two years' unexpired term) the property shall be "subject to redemption"; that a deed shall be subsequently given (Code Civ. Proc., sec. 703); and that pending the time for redemption the possession shall remain with the defendant. (Code Civ. Proc., sec. 706.) But no one of these qualifications is inconsistent with the vesting of the legal title in the purchaser. With regard to the first, the case is simply the familiar one of a legal title, defeasible upon the happening of a condition subsequent; and as to the second, the deed gives "to the purchaser no new title to the land purchased by him, but [is] merely evidence that the title has become absolute." (*Robinson* v. *Thornton,* 102 Cal. 680.) Nor is the continued possession of the land by the judgment debtor any more incompatible with the existence of the legal title in another than in the ordinary case of a tenant and his landlord.

We therefore have but little doubt that, under the provisions of the code as they now exist, the purchaser of real estate at execution sale acquires the legal title to the land, subject to defeasance by the happening of the condition subsequent. But, without passing definitely on this point, it will be sufficient to hold, whatever be the nature of the purchaser's title, whether legal or equitable, that he is a "successor in interest" of the judgment debtor, within the meaning of the term as used in section 701 of the Code of Civil Procedure.

There is nothing in the objection that Mrs. Crothers did not redeem in the capacity of a successor in interest of the judgment debtor. She presented her evidence of title to the commissioner, paid the money required, and received her certificate. This was sufficient. (Code Civ. Proc., sec. 702.) It was not necessary that the certificate of redemption should state the capacity in which the redemption was made. (Code Civ. Proc., sec. 703.) The redemption, we think, was in all respects valid.

We advise that the judgment appealed from be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

                    Henshaw, J., Lorigan, J., McFarland, J.

Hearing in Bank denied.

Shaw, J., dissented from the order denying a hearing in Bank, and filed the following opinion on February 24, 1903 :—

SHAW, J.—In denying a rehearing in this case, I desire to say that that part of the opinion to the effect that the purchaser of land at sheriff's sale or commissioner's sale acquires the legal title to the land must be taken coupled with the qualifications stated in the immediate context. It is enough, for the purposes of the decision of the case, to say that such purchaser acquires a qualified title which is sufficient to, and does, carry with it the right to redeem from another sale. To hold thus does not make it necessary to also hold that the sale divests the judgment creditor of his right to redeem from another sale. The right may exist in both.