[Civ. No. 3307. Second Appellate District, Division One.—May 13, 1920.]

P. J. LEAVER, Respondent, v. SAMUEL T. SMITH, Appellant.

[1] EXECUTION — SALE OF REAL PROPERTY — TITLE OF PURCHASER — NECESSITY FOR DEED.—Under section 700 of the Code of Civil Procedure, a purchaser of real property under execution sale, from the time he receives his certificate of sale, is endowed with the full legal and equitable title of the judgment debtor, except that within the ensuing period of twelve months after sale an equity of redemption is possessed by the judgment debtor; and the issuance of a deed is not essential to the vesting of title in the purchaser.

[2] QUIETING TITLE — ERRONEOUS JUDGMENT — RES JUDICATA.—Where the purchaser of real property under execution sale, after the period of redemption has expired but before a deed is issued to

him, institutes an action to quiet title to the property as against
the judgment debtor and the judgment against him, though errone-
ous, is allowed to become final, he is estopped from thereafter in-
stituting a new action to quiet title as against said judgment
debtor, notwithstanding that subsequent to judgment in the first
action a deed has been issued to him.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Wm. T. Kendrick for Appellant.

M. I. Grossman and Charles M. Ackerman for Respondent.

JAMES, J.—In this action to quiet title plaintiff had
judgment and defendant appeals. The complaint was in
the usual form appropriate to the character of the action.
In addition to a general denial, the defendant made a special
plea in his answer by alleging a former judgment between
the parties for the same cause. That portion of the answer
is as follows: "That heretofore, to wit, on the —— day of
March, 1917, an action was commenced by the plaintiff in
this court against each of these defendants, wherein it was
alleged that the plaintiff was the owner of said property
and wherein it was also alleged that the defendants, and
each of the defendants, had no right, title, or interest in said
property. That the said defendants appeared in said action
and the said cause came on regularly for trial before said
court on the eleventh day of December, 1917, and thereupon
said court duly made and gave judgment against the plain-
tiff and in favor of defendants thereby adjudging that
plaintiff take nothing in said action and that defendants
recover their costs." Samuel T. Smith is the only de-
fendant interested, as the action was dismissed as to Anna
May Smith, who was first named in the complaint as Jane
Doe. The trial court made particular findings by way of
showing the facts upon which the judgment was predicated.
From these findings it appears that appellant here, in 1914,
became a judgment debtor of one Leaver; that upon execu-
tion being levied against the real property herein involved,
then belonging to appellant, a sale was made and the prop-
erty was purchased by the plaintiff, the judgment creditor;

that the execution sale was made on the third day of February, 1916; that no redemption of the premises having been made in the meantime, deed was delivered to the purchaser on the eleventh day of December, 1917. As to the former judgment pleaded by appellant, the court made its findings as follows: "That it is true that an action was commenced in March, 1917, by plaintiff in this action, and against defendant in this action, for the purpose of quieting title to the premises herein described. That all of the allegations contained in the further and separate answer to plaintiff's complaint, set out in the answer of defendant herein, are true." Conclusions of law followed wherein it was determined that the plaintiff should have a decree quieting his title to the property described in the complaint.

It is appellant's contention that the plea of the former judgment adjudicating the same matter between the same parties was sustained by the evidence, and that the court should have held that the plaintiff was estopped from reasserting claim to the property described. No question is made as to the correctness of the findings of fact in their material parts. From such findings and from the undisputed evidence exhibited in the bill of exceptions we may summarize the occurrences material for consideration as follows: Execution sale of the defendant's property was made and certificate of sale was given and recorded on February 3, 1916; deed to the same was delivered December 11, 1917. Plaintiff's first action to quiet title was commenced (as appears from the court's findings) in March, 1917; trial of that action was had on December 11, 1917, and judgment entered on December 18, 1917. This action, being the same in form as the preceding action, to wit, to quiet title to the same property against the same defendant, was commenced on October 23, 1918, and judgment was rendered on January 21, 1919. While the evidence heard at the trial of the first action is not shown, we can surmise that the plaintiff was refused a decree in the first action because at the time the action was commenced a deed had not been issued to the property, the opinion of the trial judge evidently being—for it is emphasized here in the brief of respondent—that a cause of action to quiet title would not mature upon the execution sale until formal deed was issued; that conclusion being derived from the

assumption that the purchaser at an execution sale, and until he secures a deed, obtains only an equitable title which is not sufficient to sustain a cause of action as against the holder of the legal title. Before considering further the question just suggested, attention is called to the fact that, as the execution sale was held and certificate of title issued on February 3, 1916, the full period for redemption had expired prior to the commencement of the first action in March, 1917. In other words, that at the time plaintiff commenced his first action the right of redemption had been lost in the judgment debtor, and the plaintiff was entitled, upon demand, to his deed. (Code Civ. Proc., sec. 702.) [1] It is important to the question of the alleged estoppel which the first judgment worked against the plaintiff to inquire as to the character of title which the purchaser at an execution sale is endowed with from the time he receives his certificate of sale. Section 700 of the Code of Civil Procedure provides that, ''Upon a sale of real property, the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto on the date of the levy of the execution thereon, where such judgment is .not a lien upon such property; . . . '' The effect of this provision is to confer upon the purchaser full title, except that within the ensuing period of twelve months after sale an equity of redemption is possessed by the judgment debtor. When the full period of twelve months has elapsed there no longer exists any equity in the judgment debtor; hence the purchaser becomes possessed of an absolute title at that time. Such was the case here at the time plaintiff commenced his first action to quiet title to the real property. The issuance of a deed was not essential to the vesting of title in the plaintiff; nor was such deed necessary and indispensable evidence of the title of the plaintiff. Respondent has cited *Knight* v. *Fair*, 9 Cal. 117, which is favorable to his contention that upon the sale of real property under execution an equitable title only is conferred upon the purchaser. That case, however is considered in *Pollard* v. *Harlow*, 138 Cal. 390, [71 Pac. 454, 648], and attention is called to the fact that *Knight* v. *Fair* was decided under the Practice Act when the state of the law was different from that which was carried into the code. The court, in *Pollard* v. *Harlow, supra,*

said: "The language of section 700 of the Code of Civil Procedure is, that upon the sale of the property 'the purchaser is substituted to and acquires *all* the right, title, interest, and claim of the judgment debtor thereto,' which is to say unequivocally that he acquires the *legal* as well as the equitable title. The only qualifications are, that (when not a leasehold of less than two years' unexpired term) the property shall be 'subject to redemption'; that a deed shall be subsequently given (Code Civ. Proc., sec. 703); and that pending the time for redemption the possession shall remain with the defendant. (Code Civ. Proc., sec. 706.) But no one of these qualifications is inconsistent with the vesting of the legal title in the purchaser. With regard to the first, the case is simply the familiar one of a legal title, defeasible upon the happening of a condition subsequent; and as to the second, the deed gives 'to the purchaser no new title to the land purchased by him, but is merely evidence that the title has become absolute.' (*Robinson* v. *Thornton*, 102 Cal. 680, [34 Pac. 120].)" **[2]** As to the binding effect of the former judgment: That judgment was between the same parties as appeared in this suit; the cause of action was stated substantially in the same manner. In the first action plaintiff alleged ownership of the property and sought to quiet title against the claims of the defendant. Plaintiff was called upon there to furnish evidence of any title that he had, or be estopped from further asserting a claim based upon the same evidence. "If the cause of action in which the judgment was rendered was the same as the cause of action in which the judgment is plead, and both actions have been brought to obtain relief at law or in equity upon the same cause of action, the last action is subject to the estoppel of the judgment in the former action. And the judgment as rendered in that action is conclusive upon all questions involved in the action and upon which it depends, or upon matters which, under the issues, might have been litigated and decided in the case (*Phelan* v. *Gardner*, 43 Cal. 306); and the presumption of law is that all such issues were actually heard and decided. (Subd. 18, sec. 1963, Code Civ. Proc.)" (*Parnell* v. *Hahn*, 61 Cal. 132.) It therefore appears that the plaintiff, at the time he brought his former action could have made proof of the sale under execution to him of the real

property and the receipt of the certificate of sale. As that sale was had and certificate made and recorded on February 3, 1916, it would have appeared that at the time the former action was commenced no equity of redemption was left with the defendant; hence that the plaintiff had become possessed of an absolute title. In other words, it appears that plaintiff in the first action could have introduced precisely the same evidence as he introduced at the second trial to prove his title, with the one exception that at the second trial he offered the additional evidence of the deed issued to him. As we have before stated, we do not consider that the production of the deed was in anywise necessary to the proof of title of the plaintiff derived under the execution sale. His case was complete without the production of such a deed. The situation, then, is that the first judgment was entered against the plaintiff upon the merits upon the same essential evidence that was received in the second case, and under such circumstances we have no doubt that the first judgment should be held to have adjudicated the rights of the parties to this action; hence the plaintiff is estopped from bringing the defendant a second time into court for the same cause. The first judgment was not appealed from and at the time of the trial of this action (although not at the commencement of the action) had become final.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.