(No. 5197. December 20, 1928.)

STATE, on Relation of I. H. NASH, State Land Commissioner, Appellant, v. EMMA L. REED, Treasurer and *Ex-Officio* Tax Collector of the County of Blaine, Idaho, Respondent.

[272 Pac. 1008.]

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Appellant.

W. A. Brodhead, for Respondent.

WM. E. LEE, C. J.—The state held a mortgage on certain real property in Blaine county and became the purchaser thereof on foreclosure. The certificate of sale was issued on November 5, 1921. There was no redemption from the sale, and the state obtained the sheriff's deed to the property one year thereafter. Following the issuance of the certificate of sale, the property was assessed and taxes were

levied thereon as of the second Monday of January, 1922. The taxes were not paid, and, on November 21, 1927, this suit was instituted to enjoin the Tax Collector from the issuance of a tax deed. A demurrer to the complaint was sustained, and the state appeals from a judgment of dismissal.

The state takes the position that by its purchase of the property at foreclosure sale, C. S., sec. 6930, it acquired a title both legal and equitable, thereby rendering the property exempt from taxation; citing *Steinour v. Oakley State Bank,* 45 Ida. 472, 262 Pac. 1052; *Pollard v. Harlow,* 138 Cal. 390, 71 Pac. 454, 648; *Leet v. Armbruster,* 143 Cal. 663, 77 Pac. 653; *Bateman v. Kellogg,* 59 Cal. App. 464, 211 Pac. 46; *Leaver v. Smith,* 47 Cal. App. 474, 190 Pac. 1050, other California cases, *Colvin v. Weigold,* 31 Ariz. 370, 253 Pac. 633, and *McQueeney v. Toomey,* 36 Mont. 282, 122 Am. St. 358, 13 Ann. Cas. 316, 92 Pac. 561. Respondent contests this position, contending that the state did not obtain such title as to render the property exempt from taxation until the receipt of the sheriff's deed on foreclosure, relying on *North Dakota Horse etc. Co. v. Serumgard,* 17 N. D. 466, 138 Am. St. 717, 117 N. W. 453, 29 L. R. A., N. S., 508.

*Steinour v. Oakley State Bank* is not decisive of the question presented; in fact, it is scarcely in point. A careful consideration of the remaining decisions, *supra,* as well as the following from California, Montana, Washington and Oregon, discloses that the holding of the courts of those states is not uniform as to the character or extent of title evidenced by a sheriff's certificate of sale on foreclosure. (*McMillan v. Richards,* 9 Cal. 365, 70 Am. Dec. 655 (written by Justice Field) and *Flanders v. Aumack,* 32 Or. 19, 67 Am. St. 504, 51 Pac. 447; *Dipple v. Neville,* 82 Mont. 280, 267 Pac. 214; *Ford v. Nokomis State Bank,* 135 Wash. 37, 237 Pac. 314; 11 Cal. Jur. 125, sec. 68.)

Whether the state, as the purchaser of the property at the sale on foreclosure, acquired such a title that the property may be said to have then *belonged* to the state, it is not

necessary to now decide; for, on the expiration of the period of redemption, when the state received the sheriff's deed, the property, without doubt, *belonged* to the state, and was not thereafter subject to be "listed or assessed." (C. S., sec. 3100.) Every reason that requires the exemption of the property of the public from taxes imposed after its acquisition not only justifies but necessitates the holding that, while owned by the state, no proceeding may be taken to enforce the lien of any tax theretofore imposed against it. And the authorities are generally agreed that when the state acquires title to property, subject to the lien of a tax theretofore imposed against it, further proceedings to enforce the lien are without effect. (*State v. Locke,* 29 N. M. 148, 30 A. L. R. 407, 219 Pac. 790; *Gasaway v. Seattle,* 52 Wash. 444, 100 Pac. 991, 21 L. R. A., N. S., 68; *Smith v. Santa Monica,* 162 Cal. 221, 121 Pac. 920; *Foster v. Duluth,* 120 Minn. 484, 140 N. W. 129, 48 L. R. A., N. S., 707; *City of Laurel v. Weems,* 100 Miss. 335, Ann. Cas. 1914A, 159, 56 So. 451; *Webster v. Board of Regents,* 163 Cal. 705, 126 Pac. 974; *Chicago v. People ex rel. Miller,* 80 Ill. 384; *State v. Burleigh County,* 55 N. D. 1, 212 N. W. 217.) Our constitution (art. VII, sec. 4) exempts "The property of . . . . the state from taxation." C. S., sec. 3099 provides that "The following property is exempt from taxation . . . . Property belonging to this state. . . . . " With respect to exemptions from taxation of state property there is, therefore, no distinction between property acquired through the foreclosure of a mortgage and that which may be said to be owned and held for purely governmental purposes. It is our conclusion, therefore, that when the state received the sheriff's deed on foreclosure further proceedings for the enforcement of the prior tax lien were without effect. The state was entitled to the injunction.

Judgment reversed.

Givens and Taylor, JJ., and Brinck, D. J., concur.

Budge, J., dissents.