[Civ. No. 18265. Second Dist., Div. Three. Sept. 18, 1951.]

FRANK R. SIPE, Respondent, v. CATHERINE A. McKENNA, Appellant.

Catherine A. McKenna, in pro. per., for Appellant.

Robert E. Rosskopf for Respondent.

VALLÉE, J.—Plaintiff brought this suit to quiet title to a vacant parcel of realty.

On January 11, 1927, a bond was issued under the County Improvement Act of 1921 (Stats. 1921, p. 1658) which was a lien on the parcel involved. The County Improvement Act of 1921 adopted, as a part thereof, the Improvement Act of 1911, which is now sections 5000-6794 of the Streets and Highways Code. Defendant acquired title to the property on January 5, 1940. On November 4, 1946, the county treasurer, for the purpose of foreclosing the lien of the bond, sold the property to plaintiff for $551.40, and a certificate of sale was issued and recorded. On December 30, 1947, no redemption having been made, the treasurer issued a deed to plaintiff. On January 15, 1948, plaintiff paid the 1947 county taxes in the amount of $16.63, and on January 16, 1948, redeemed all delinquent county taxes for the years 1932-1945, both inclusive, in the amount of $248.60. This suit was commenced February 3, 1948.

Doubt arose as to the validity of the treasurer's deed of December 18, 1947, because of the wording of the affidavit of posting filed with the county treasurer. On January 20, 1949, plaintiff, in writing, notified the county treasurer of

such doubt; advised that he desired to reserve and post notice to redeem, and have a new deed issued; requested the treasurer to endorse on the certificate of sale the dates and amounts of the taxes he had paid; and authorized him to accept redemption at any time prior to application for deed on February 23, 1949. Notice to redeem was served on defendant personally on January 21, 1949, and was posted on the property on January 23, 1949. The notice said that the property could be redeemed ''at any time prior to due and proper application for a deed, and that unless sooner redeemed according to law, the undersigned, the said purchaser will on the 23rd day of February, 1949, apply to the Treasurer of the County of Los Angeles, for a deed to said property.'' No redemption having been made, a new deed was issued to plaintiff by the county treasurer on May 12, 1949. By leave of court a supplemental complaint was filed setting up the matters which occurred after the filing of the original complaint. The answer denied all the allegations of the complaint and supplemental complaint, alleged ownership in fee simple, adverse possession, and plead numerous statutes of limitation. Judgment was for plaintiff from which defendant appeals.

█ Defendant contends that the first deed of December 30, 1947, was void for the reason that ''no notice of the application for that deed was ever served'' on her as required by section 6550 of the Streets and Highways Code. We have not found any evidence in the record to the effect that notice of such application was not served on defendant. The reference to the reporter's transcript which she gives does not support her statement to that effect. The deed says that the affidavit ''has been filed with me [the county treasurer] showing the giving of written notice to redeem and of intention to apply for a deed on this date.'' Section 6555 of the Streets and Highways Code provides: ''The deed of the treasurer, when duly acknowledged or proved, is primary evidence of the regularity of all proceedings theretofore had, and conveys to the grantee the absolute title to the lands described therein, as of the date of the expiration of the period for redemption, free of all encumbrances, except the lien for State, county and municipal taxes.'' █ If we should assume that the first deed was invalid, it presented no obstacle to the issuance of a valid second deed. It was the duty of the treasurer to issue a valid deed. (Sts. & Hy. Code, § 6554.) If the first deed was void, it was his duty, on compliance with the statutory requirements, to issue a valid second deed. (*Barrett* v. *Brown,*

26 Cal.2d 328, 332 [158 P.2d 567]; *Schainman* v. *All Persons,* 96 Cal.App. 753, 759 [275 P. 225, 276 P. 113].)

 The certificate of sale recited that the sum of $551.40, for which the property was sold by the treasurer, included "Penalty . . . . . . $208.57." Defendant next contends that the first and second deeds were void because of the inclusion of this item in the certificate of sale. The point is without merit. The statutes expressly require the inclusion of penalties in the amount for which the property may be redeemed. (Sts. & Hy. Code, §§ 6504, 6508.)

 When plaintiff requested the treasurer to endorse on the certificate of sale the 1947 taxes of $16.63, and the delinquent taxes of $248.60, which he (plaintiff) had paid, the treasurer did so. The record is not clear as to the fact, but apparently the amount of these taxes was included in the notice to redeem, served on defendant on January 21, 1949, and posted on January 23, 1949. Defendant contends that the second deed was void because of the inclusion of the amount of these taxes in the notice to redeem. There is no merit in the point. At any time after delivery of the certificate of sale, the legal holder thereof may pay any taxes upon the property described in the certificate which may be prior to his lien, or he may redeem the property from any sale made in the collection or enforcement of such taxes. (Sts. & Hy. Code, § 6515.) It is the duty of the treasurer to endorse on the certificate of sale the fact that receipts have been produced for amounts so paid, the nature of the taxes paid, the amounts thereof, and to collect the same on redemption. (Sts. & Hy. Code, §§ 6513, 6516.)

 The bond in question was originally issued to "The Elliott-Horne Co." Defendant apparently contends that title to the bond did not pass from The Elliott-Horne Company. We are not referred to any evidence to that effect nor have we found any. As we have said, the deed of the treasurer is primary evidence of the regularity of all proceedings theretofore had. (Sts. & Hy. Code, § 6555.) It is presumed, therefore, that whoever made demand on the treasurer for the sale of the property described in the bond was the holder thereof. (Sts. & Hy. Code, § 6500.)

 On March 21, 1940, an action was filed in the Superior Court of the County of Los Angeles by Pacific States Properties, Inc., for foreclosure of the bond. This was prior to the time defendant acquired title to the property. Defendant's predecessor in interest was named as a party defendant

but was not served. The action was not tried and no judgment entered insofar as the action applied to the bond in suit here. Defendant contends the court and the treasurer had concurrent jurisdiction to foreclose the bond, that the court first acquired jurisdiction to do so, and that the "tribunal in which the jurisdiction first attaches has exclusive jurisdiction"; that, therefore, the treasurer had no "jurisdiction" to foreclose. The point is not tenable. There is no evidence that the plaintiff in the action to foreclose ever owned the bond. An action to foreclose a bond lien is "a separate, distinct and cumulative remedy." (Sts. & Hy. Code, § 6610.) "A written notice of the pendency of any action for recovery on a bond shall be filed with the treasurer. After the filing of such notice the treasurer shall not receive any money on account of the bond and he shall have no authority to cancel the entries on the bond in his register or give a discharge of the bond without the written consent of the owner thereof until judgment has been rendered in the action or until it has been dismissed." (Sts. & Hy. Code, § 6619.) Presentation of the bond, properly endorsed by the payee, with written demand for foreclosure, as was done in the present case, constitutes "written consent of the owner" for the treasurer to proceed.

Defendant next contends that the action was barred by the provisions of sections 329 and 330 of the Code of Civil Procedure and section 2911 of the Civil Code. Section 329 applies to an action for foreclosure of a bond lien and is not applicable. Section 330 provides that if the act or law establishing the power of the treasurer to sell property subject to a bond lien fails to prescribe the time within which the treasurer may act, "said official may sell at any time prior to the expiration of four years after the due date of said bond or of the last installment thereof or of the last principal coupon attached thereto, or prior to January 1, 1947, whichever is later, but not thereafter." Civil Code, section 2911, provides that in the event bonds were issued to represent a public improvement assessment "the lien shall then be presumed to have been extinguished at the expiration of four years after the due date of said bonds or of the last installment thereof or of the last principal coupon attached thereto, or on January 1, 1947, whichever is later." Under Code of Civil Procedure section 330 and and Civil Code section 2911, the lien is not extinguished until January 1, 1947. In the present case the property was sold by the treasurer on No-

vember 4, 1946, before extinguishment of the lien of the bond by operation of these statutes. It is obvious that the action is not barred and that the time within which the treasurer could sell had not expired at the time the sale was made.

Defendant urges that since the notice to redeem stated that application for a deed would be made on February 23, 1949, and application was not, in fact, made until May 11, 1949, the deed issued on May 12, 1949, pursuant to the notice, was void. The delay extended defendant's time to redeem until May 11, 1949. (Sts. & Hy. Code, § 6551.) Defendant suffered no prejudice. Further, insofar as appears, defendant has not at any time offered to redeem.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.