[Civ. No. 19112. Second Dist., Div. Three. Mar. 4, 1953.]

ELBERT, LTD. (a Corporation), Respondent, v.
CATHERINE A. McKENNA et al., Appellants.

Catherine A. McKenna, in pro. per., for Appellants.

Robert E. Rosskopf, John F. Bender and Gizella M. Allen for Respondent.

SHINN, P. J.—This is an action to quiet title. Some 20 years prior to any of the proceedings hereafter mentioned Catherine A. McKenna and J. Irving McKenna acquired title by deed to Lots 8 and 9, Block B of the Cambridge Tract as per map recorded in book 9, page 188, records of Los Angeles County. They have been in possession and have paid taxes on the property since that time. Plaintiff claims title by virtue of two deeds of the city treasurer of Los Angeles, dated August 23, 1949. One deed conveyed Lot 8 to Elbert, Ltd., and recited that the property had been sold to Frank R. Sipe for $1,507.24 to foreclose Street Improvement Bond No. 627, Series No. 3, for the improvement of Montana Avenue and that the property had not been redeemed from the sale. The other deed was the same except that it conveyed Lot 9 and the bond foreclosed was No. 637 and the amount of the foreclosure was $1,595.53.

Plaintiff introduced into evidence the two treasurer's deeds and rested. These deeds which were issued under the Improvement Act of 1911 (now Sts. & Hy. Code, §§ 5000-6794), were primarily evidence of the regularity of foreclosure proceedings theretofore had. (Sts. & Hy. Code, § 6555.) They were prima facie evidence of title. (*Sipe* v. *McKenna,* 106 Cal.App.2d 559 [235 P.2d 416].)

Defendants in their answer alleged that the issues of the present action had previously been adjudicated in their favor. They introduced in evidence superior court files Nos. 293146 and 293143. The first of these was an action brought by M.

Blakesley against J. Irving McKenna to foreclose Bond No. 637. This action was dismissed for want of prosecution. The second action was brought by Blakesley against J. Irving McKenna and others and was for the foreclosure of Bond No. 627. It also was dismissed for want of prosecution. Each bond had been issued in July, 1928. Each action was filed in December, 1929, and was for the failure to pay certain bond installments. The orders of dismissal did not adjudicate the claims of title asserted by plaintiffs in the present action. Defendants introduced file No. 471495 which was an action brought in December, 1941, by Ralph W. Evans, as Building and Loan Commissioner of the State of California, against J. Irving McKenna and others to foreclose Bonds No. 627 and No. 637 for the full amount thereof. This action was dismissed by the plaintiff. None of these actions adjudicated title in favor of defendants as against plaintiff or any predecessor in interest.

Defendants' principal contention of prior adjudication rests on a former action between these same parties brought to quiet title to the parcels of real property here involved. The file in that case (superior court No. 535504) was introduced by defendants who contend that since the present issues could have been litigated in that action, plaintiff may not now relitigate them. The crucial question is whether the present issues were or could have been litigated in that action. A negative answer is required.

The prior action was one to quiet title in plaintiff based on a treasurer's deed issued under the Street Improvement Act of 1911, after sale on foreclosure of street bonds. These bonds were on Lots 8 and 9 herein involved but were for improvement of Texas Avenue while the bonds herein involved (Nos. 627, 637) were for improvement of Montana Avenue. At the time the prior action was filed plaintiff also held certificates of sale under Bonds 627 and 637 but did not have the deeds upon which it now relies. In the prior action the court held the former deeds void but adjudged plaintiff to be the holder of a lien represented by its valid certificate of sale. Defendants had asked for no affirmative relief and judgment was that plaintiff had merely a lien but had not acquired title.

Defendants argue that since at the time of the prior action plaintiff held the certificates of sale on which the present deeds were issued, it could have maintained a quiet title action on the basis of the title evidenced by those certificates. ■ If

the certificates of sale were sufficient as a basis for an action to quiet title the plaintiff is barred from relying upon them in this action even if the trial court in the prior action erroneously refused to quiet title on the basis of the certificates of sale there involved. (*Leaver* v. *Smith,* 47 Cal.App. 474 [190 P. 1050] ; 22 Cal.Jur. 128.) ■ The error in defendants' position is that a quiet title action against a possessor with claimed legal title may be maintained only by one with a right to immediate possession founded on legal title and may not be brought by a mere lienholder. (22 Cal.Jur. § 6, p. 109.) ■ Defendants attack this proposition, pointing out that a purchaser at a sheriff's execution sale may maintain an action on the certificates. It is true that such a purchaser may maintain an action to quiet title against the judgment debtor even before the period of redemption has expired (*Leaver* v. *Smith, supra,* 47 Cal.App. 474; *Truelsen* v. *Nelson,* 42 Cal.App.2d 750, 755 [109 P.2d 996] ), but this is because he holds "legal" title. (*Pollard* v. *Harlow,* 138 Cal. 390, 398 [71 P. 454, 648] ; *Leaver* v. *Smith, supra,* 47 Cal. App. 474; *Allen* v. *McGee,* 54 Cal.App.2d 476, 483 [129 P.2d 143].) Section 700 of the Code of Civil Procedure reads in part: "Upon a sale of real property [under execution], the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto." Therefore he may sue to quiet his title. ■ This is not the effect of a sale upon foreclosure of a street bond. The nature of the interest acquired at a foreclosure sale under the Improvement Act of 1911 is defined by section 6517 of the Streets and Highways Code which reads: "Immediately on the sale, the purchaser shall become vested with a lien on the property sold to him, to the extent of his bid. He may only be divested of that lien by redemption." It is the deed that transfers legal title. (§ 6555.) The owner may redeem at any time before a treasurer's deed is applied for. (§ 6530.) From the conclusion that a quiet title action could not have been maintained by plaintiff on the certificate alone it follows that the issues in the present action could not have been litigated until the deeds had issued. The deeds here involved were issued after judgment in the prior action. The title upon which plaintiff relies could not have been adjudicated in the former action. The defense of res judicata was not established.

■ Defendants contend the deeds to plaintiff are void in that they recite one Frank Sipe was purchaser but do

not show an assignment of the certificate of sale from Sipe to Elbert, Ltd. The applicable statute, Streets and Highways Code, section 6554, does not require a recital of the assignment. It requires only recitals of "substantially the matter contained in the certificate of sale" and provides that the deed may be issued "upon application of the purchaser or his assignee." It will be presumed that plaintiff had acquired the interest of Sipe derived from the sale. (*Sipe* v. *McKenna, supra,* (106 Cal.App.2d 559.) The deeds conformed to the statutory requirements.

There is no merit in defendants' claim of adverse possession. ■■■ To be adverse such possession must be against one who has a right to possession. Plaintiff had no such right prior to issuance of the treasurer's deed, August 23, 1949.

Nor is there merit to defendants' claim of invalidity of the deeds because of want of notice or affidavit of notice. There was evidence that all statutory requirements were complied with.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 30, 1953.