[Civ. No. 19356.   Second Dist., Div. One.   June 18, 1953.]

CATHERINE A. McKENNA, Appellant, v. ELLIOTT AND HORNE COMPANY (a Corporation) et al., Defendants; FRANK R. SIPE, Respondent.

Catherine A. McKenna, in pro. per., for Appellant.

Robert E. Rosskopf for Respondent.

WHITE, P. J.—Appellant, Catherine A. McKenna, brought an action to quiet title to real property consisting of two lots described as Lots 75 and 76 of Tract 2704 in the county of Los Angeles. Respondent, Frank R. Sipe, filed a demurrer and motion to dismiss the action. The demurrer was sustained with leave to amend. Upon the filing of a first amended complaint, respondent again demurred and moved to dismiss. The motion to dismiss, supported by affidavit, was upon the ground that the issues presented by the action were res judicata between the plaintiff and defendant Sipe, by reason of judgments entered in two previous actions in the superior court. The motion to dismiss was granted, and plaintiff appeals from the judgment of dismissal. Plaintiff has also appealed, quoting from her notice of appeal,

"And from the order of the court, denying the plaintiff's motion to vacate and set aside the said order and judgment made herein on the 12th of March, 1952.

"And from that certain order of the Court, on the 20th day of March, 1952, and from the order thereon made denying Plaintiff's Motion to Strike out defendant's motion of defense of res adjudicata, and motion to dismiss, and demurrer, and to enter judgment for plaintiff on the pleadings.

"And from that order made on the 31st day of March, 1952, denying the plaintiff's motion, to set aside and strike from the file the said order and judgment of Dismissal of the action as to Frank R. Sipe, and from the whole thereof.

"And from that Order of the Court, made on the 27th day of March, 1952, denying the Plaintiff's Motion, to Dismiss, and the affidavit on Motion to dismiss, filed on the 27th of March, on the behalf of Frank R. Sipe, and the denial of the plaintiff's motion to enter judgment on the pleadings under the provisions of sections 437, and sections 446 and 447, Code of Civil Procedure, and from all and each and every of one of the said orders, so made by the Court, on the 20th day, March, 1952, and denying the motions of this plaintiff BEING TO-WIT:

"1—Motion to vacate and set aside Minute Order, putting Demurrer off Calendar, and denying motion to restore the Demurrer to the Calendar, and that the Court rule on the Demurrer on the merits, and from the order denying the Motion to strike from the file, the Demurrer, and the Motion of Frank R. Sipe, to dismiss the action as to Frank R. Sipe; and the order denying the plaintiff's Motion to enter judgment on the pleadings in favor of the Plaintiff.

"And appeals from the Orders of the Court made on the 29th day of April, 1952, denying the plaintiff's motion to vacate and set aside the certain decision and judgment entitled "JUDGMENT OF DISMISSAL, made on the 12th of March, 1952, and from the orders made on the 20th day of March, 1952, denying the plaintiff's motions. 1—To set aside order and restore demurrer to calendar and to rule on same. 2—To strike from the Demurrer paragraph 11, thereof; . . . 3—To Strike from the file notice of Motion to Dismiss the action, as to Frank R. Sipe, 4—To Strike from the file the affidavit of Robert E. Rosskopf, filed on motion to Dismiss, and to Strike the Demurrer to the First amended complaint; and 5—The Order denying the plaintiff's motion to enter judgment on the pleadings, in favor of the plaintiff; as provided by sections 437 and section 446 and 447 Code of Civil Procedure on the 29th day of April, 1952— . . ."

On May 1, 1945, a default judgment was entered in superior court action No. 478808, quieting title in favor of Catherine A. McKenna against certain parties. On May 10, 1947, Frank R. Sipe, successor as beneficiary under a deed of trust on both Lots 75 and 76 to one of the defendants in action No. 478808, commenced superior court action No. 526755, wherein judgment was rendered setting aside the default judgment in action 478808, and adjudging that Sipe was the owner and holder of a note and trust deed constituting a valid and subsisting instrument affecting the real property involved. Upon appeal, this latter judgment was affirmed, the court assessing a penalty of $300 against appellant McKenna for a frivolous appeal. (*Sipe* v. *McKenna,* 105 Cal.App.2d 373 [233 P.2d 615].)

In February, 1948, an action to quiet title was commenced by Sipe as to Lot 76, his title being based on a street bond foreclosure. Judgment in favor of Sipe against appellant herein was entered January 31, 1950, in action No. 540253. Upon appeal by appellant McKenna the judgment was affirmed. (*Sipe* v. *McKenna,* 106 Cal.App.2d 559 [235 P.2d 416].)

The present action was filed by appellant herein on July 6, 1950, after the entry of the judgments in the two previous actions and while they were pending on appeal, appellant averring that she had been the owner of the two lots for more than 10 years, had been in open, notorious and adverse possession, and had paid all taxes thereon for more than 20 years.

By her first amended complaint, appellant asserted that she was the owner in possession and actual occupation of the properties "and through her own person and right, and by and through her predecessor in title, Sarah O'Neill, has been in open, exclusive possession and claiming to own" the disputed properties, adversely to the defendants, and had paid all taxes on the properties for more than twenty years prior to the filing of the action.

Appellant's brief fails to present any argument directed to the merits of the contention that her claims are barred by the prior judgments. ■ Appellant could not have acquired a title by adverse possession subsequent to the entry of the judgments in the actions in which her claims were rejected. These two actions were filed in May, 1947, and February, 1948, and the present action was brought in July, 1950. Appellant's claims were adjudicated in these two actions, and her present suit, to be successful, must be based upon a title acquired subsequent to such adjudications. She failed in her first amended complaint to show such a title. Her present arguments, like her arguments in the court below, constitute no more than an attempt to relitigate matters which have been settled by judgment.

■ The only remaining question is whether the trial court acted properly in granting the motion to dismiss. Appellant contends that she was entitled to a trial on the merits upon a verified answer raising the plea of res judicata. That the question of res judicata may be raised and determined, in circumstances such as are here presented, was settled by *Olwell* v. *Hopkins,* 28 Cal.2d 147 [168 P.2d 972], wherein it was said, "the fact remains that to reverse the judgment on that ground that it was raised by motion and affidavits rather than by answer would serve no useful purpose, since the record of the former action makes it clear that plaintiffs cannot overcome that defense.

". . . Although the defense of res judicata in the present action was raised by demurrer and motion to dismiss and not by answer, it was tried at the hearing upon that motion as it would have been tried under the provisions of section 597. The evidence at a trial under that section would be the record of the former action, which was introduced at the hearing upon defendants' motion to dismiss, and since that trial would take place 'before the trial of any other issue,' plaintiffs would find themselves in exactly the same position as they are now."

See, also, *Best* v. *Fitzgerald,* 81 Cal.App.2d 965 [185 P.2d 377].

Precisely the same situation is here presented.

The record herein discloses that the trial court followed the rule approved in the two last-cited cases.

It is also established that a trial court has inherent power to dismiss an action which is clearly shown to be sham and without merit. The provisions relating to dismissal contained in sections 581 and 581b of the Code of Civil Procedure are not exclusive. See *Cunha* v. *Anglo-California Nat. Bank,* 34 Cal.App.2d 383 [93 P.2d 572], in which the court quoted from *Stewart* v. *Butler,* 27 Misc. 708 [59 N.Y.S. 573, 576], with respect to vexatious litigation—quoting in turn from an English decision—"when such a litigant is found I think it a most wholesome doctrine that any court should have the power of stopping such a litigation."

None of the orders made by the trial court in denying the various motions made by appellant after judgment are appealable. They amount to no more than requests that the trial court reconsider its original action. Appellant at no time presented any motion purporting to be authorized by sections 663 or 663a of the Code of Civil Procedure, the only situation in which an order denying a motion for relief after judgment solely upon grounds that existed prior to entry of judgment may be appealed. (See *Rounds* v. *Dippolito,* 94 Cal.App.2d 412 [210 P.2d 893].) The merits of the instant action and the validity of the several orders made after judgment have been fully considered upon the appeal from the judgment.

The judgment is affirmed. The attempted appeal from the order denying plaintiff's motion for a new trial and for other relief, the attempted appeal from the minute order of March 31, 1952, entered April 8, 1952, denying motion to strike from file, as well as the attempted appeals from orders dated March 12, 1952, March 27, 1952, April 29, 1952, and all other orders specified in appellant's notice of appeal filed May 6, 1952, are, and each is, dismissed.

Doran, J., and Scott (Robert H.), J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1953.