[Civ. No. 31266.   Second Dist., Div. Four.   Dec. 1, 1967.]

ELIZABETH D. LAWRENCE, Plaintiff and Appellant, v. ELIZABETH MALOOF et al., Defendants and Respondents.

---

Jerrell Babb for Plaintiff and Appellant.

J. Roger Gelsinger, John R. Engman, Everett H. Aspenson, Edward M. Patterson, Ernest J. Gekas, Shatford & Shatford, and Philip I. Auerbach for Defendants and Respondents.

JEFFERSON, J.—Plaintiff filed a complaint seeking to quiet title to real property purchased several years before at a marshal's sale. The court gave judgment for defendants, enjoining plaintiff from setting up any claim to the property, and plaintiff appeals. The facts are not in dispute.

On or about May 20, 1953, plaintiff obtained and recorded a judgment against the then owner of the subject property. An execution was levied on the property and it was sold to plain-

tiff on November 18, 1955. A marshal's certificate of sale was issued to plaintiff which was recorded on November 25, 1955. The one-year period for redemption expired without any redemption. Plaintiff did not secure a marshal's deed, however, until December 22, 1964, about two months before commencing this suit.

In September 1953 the judgment debtor conveyed his interest in the property to Elizabeth Maloof, one of the defendants herein, who then took possession. (The claimed interests of the other defendants derive from her.) Since September 1953 she (or her successors in interest) have been in possession of the property, paying on the encumbrances, selling off parts and paying taxes.

Among its findings, the trial court found that, at the time of the commencement of this action, the defendants were the owners of the property, having acquired such ownership by adverse possession; that plaintiff was barred by section 318 of the Code of Civil Procedure from maintaining the present action.

The single question involved in this appeal is the date when the statute of limitations commenced to run. Plaintiff contends it was the date she acquired the marshal's deed to the property (two months before bringing the present action). Defendants, on the other hand, contend the limitations period ran from the date the redemption period expired when they were entitled to possession of the property (which was about eight years before).

Generally speaking, a cause of action accrues when a suit may be maintained thereon, and at that point the statute of limitations begins to run. (*Maguire* v. *Hibernia Sav. & Loan Soc.*, 23 Cal.2d 719, 733 [146 P.2d 673, 151 A.L.R. 1062].)

A purchaser at an execution sale possesses title to the property sold from the time of the sale (*Pollard* v. *Harlow*, 138 Cal. 390; *Hansen* v. *G. & G. Trucking Co.*, 236 Cal.App.2d 481, 495 [46 Cal.Rptr. 186]; *Powers* v. *Powers*, 221 Cal.App. 2d 746, 750 [34 Cal.Rptr. 835]; Code Civ. Proc. § 700), and may maintain an action to quiet title against the judgment debtor even before the redemption period has expired. (*Elbert, Ltd.* v. *McKenna*, 116 Cal.App.2d 480, 483 [254 P.2d 107]; *Truelsen* v. *Nelson*, 42 Cal.App.2d 750, 755 [109 P.2d 996].)

"During the period of redemption the purchaser's

title acquired by the certificate of sale is characterized as one 'defeasible upon condition subsequent' [citation], and although the transfer is not perfect until the execution of the sheriff's deed, the deed when executed is deemed and taken, under the doctrine of relation back, as though executed at the date when the lien of which it is the sequence originated. [Citations.] ▮ The effect of the sheriff's deed is not to create a new title but is merely evidence that the title of the purchaser has become absolute. [Citations.]'' (*Hansen* v. *G. & G. Trucking Co., supra,* 236 Cal.App.2d 481, 495.) (See also *Pollard* v. *Harlow, supra,* 138 Cal. 390, 391-393.)

Plaintiff cites two early cases, *Jefferson* v. *Wendt,* 51 Cal. 573 and *Leonard* v. *Flynn,* 89 Cal. 535 [26 P. 1097, 23 Am.St. Rep. 500], which preceded *Pollard* v. *Harlow, supra,* and which contain language to the effect that the statute of limitations does not commence to run as to the purchaser at a sheriff's sale until delivery of the deed to the purchaser. This language is found in dicta in two later cases cited by plaintiff. to wit, *Laubisch* v. *Roberdo,* 43 Cal.2d 702 [277 P.2d 9] and *Comstock* v. *Finn,* 13 Cal.App.2d 151, 157 [56 P.2d 957]. The rule stated in the *Jefferson* and *Leonard* cases was founded on the early rule which equated delivery of the deed with the passage of title. It is inconsistent with the holding in *Pollard* v. *Harlow, supra,* which must therefore be regarded as having overruled the earlier decisions.

Section 318 of the Code of Civil Procedure provides: ''No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within five years before the commencement of the action.'' ▮ An action to quiet title to real property is considered an action for the recovery thereof within the meaning of section 318. (*Haney* v. *Kinevan,* 73 Cal.App.2d 343, 344 [166 P.2d 361].) ▮ The burden of proof rests with plaintiff to establish the required seisin or possession within the limitations period. (*Ernie* v. *Trinity Lutheran Church,* 51 Cal.2d 702, 706 [336 P.2d 525] ; *Haney* v. *Kinevan, supra,* 73 Cal.App.2d 343, 344.)

▮ We need not decide here the question whether the statute of limitations for adverse possession (or under section 318) began to run at the time of the sale or only when plaintiff became entitled to possession at the end of the one-year redemption period. Whichever time be considered in this case,

the statute had long since run when plaintiff commenced this action.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 24, 1968.