181 P.2d 196

**STATE ex rel. LANGLEY, Atty. Gen., et al.**
**v. CANYON COUNTY et al.**

No. 7332.

Supreme Court of Idaho.
May 20, 1947.

Earl E. Reed, Pros. Atty., of Caldwell, and V. K. Jeppesen, of Nampa, for appellants.

Robert Ailshie, Atty. Gen., and J. R. Smead, Asst. Atty. Gen., for respondents.

BUDGE, Chief Justice.

The character of the relief sought in this appeal is apparent from the uncontroverted statement of facts, which is as follows:

March 30, 1945, this action was instituted for the purpose of canceling all taxes levied against the South half of the Southwest quarter of Section 34 in Township 4 North, Range 3 West of the Boise Meridian in Canyon County, Idaho, excepting a strip 50 feet wide along the North side thereof, and containing, exclusive of rights of way, 77 acres, more or less, for the years 1932, 1933 and 1935, and for the purpose of restraining the defendants from asserting said taxes against the lands, and quieting title thereto in plaintiffs Steelman and Offill. Defendants filed a demurrer, and later an amended demurrer, upon the following grounds, to-wit: That plaintiffs' complaint does not state facts sufficient to constitute a cause of action against defendants, or either of them; that the court has no jurisdiction of the subject-matter of this action in that part of the taxes sought to be cancelled are state taxes levied upon said lands, and that the State of Idaho has received reimbursement from defendants

therefor; that there is a defect and misjoinder of parties defendant in that neither party defendant is a necessary or proper party to this proceeding; that it appears from the complaint that plaintiffs seek equitable relief and that all relief claimed by plaintiffs is based upon the wrongful and unequitable acts of the plaintiff, S. F. Steelman, in not paying the taxes sought to be cancelled. Said amended demurrer was overruled, and defendants refused to plead further.

It appears that in 1930 the plaintiff, S. F. Steelman and his wife were the owners and in possession of the property above described, and on July 29, 1930, made and executed their promissory note payable to the State of Idaho in the principal sum of $2,000, with interest at six per cent per annum, and gave as security a real estate mortgage upon said property. Thereafter and during the years 1932, 1933 and 1935 Canyon County levied ad valorem taxes against said lands, which were not paid by Steelman, the then owner. It further appears that December 17, 1935, Steelman and wife conveyed said property to the State of Idaho by a deed absolute, reciting a consideration of $2,000, and further stating: "This deed is taken in full satisfaction of a mortgage given to the State of Idaho by S. F. Steelman and Nancy Ward Steelman, his wife, recorded in Book 93 of Mortgages at page 170." Thereafter said property was sold according to law to Steelman for the sum of $2,502.50, and Steelman sold said premises to plaintiff A. V. Offill, who is now in possession thereof.

The trial court entered judgment in respondents' favor that all taxes levied by Canyon County against the property for the years 1932, 1933 and 1935, together with all interest, penalties and costs otherwise accruing or having become payable be set aside, cancelled and held for naught, and restrained and enjoined defendants from asserting any claim or claims against said property for the payment of any of said taxes, interest, penalties or costs, and further adjudged and decreed that the title in and to said property is vested in S. F. Steelman and A. V. Offill free and clear of any encumbrance by reason of said taxes or any of them.

From said judgment this appeal was taken.

The same question presented by this appeal has been decided by this court in State v. Reed, 47 Idaho 131, 272 P. 1008, and in a very able and exhaustive opinion written by former Justice W. F. McNaughton, in State v. County of Minidoka, 50 Idaho 419, 298 P. 366, and we find no reason to depart from the principles of law announced therein as applied to the facts here presented. The necessity for repeating what has already been announced as the rule in this jurisdiction is not apparent.

On authority of State v. Reed and State v. County of Minidoka, above cited, the

judgment of the trial court in this case is affirmed. Costs to respondents.

GIVENS and HOLDEN, JJ., and WINSTEAD, D. J., concur.

MILLER, J., did not sit at the hearing nor participate in the decision.